STATE of Utah, Plaintiff and Respondent,

v.

Robert McCULLAR, Defendant and Appellant.

No. 19150.

Supreme Court of Utah.

Nov. 17, 1983.

---

Stephen R. McCaughey, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from sentence and judgment upon a jury verdict of guilty of aggravated robbery,[1] aggravated burglary[2] and theft.[3]

Defendant raises two issues: (1) the evidence was insufficient for conviction of any of the crimes, and (2) the Court erred in denying his motions at the conclusion of evidence and again at sentencing to dismiss the theft charge as it is a lesser offense included in aggravated robbery.

On September 15, 1980, in Salt Lake County, Utah, Brent and Laura Holland were robbed at their residence by two men. One of the men carried a gun. The Hollands were tied with four-inch-wide duct tape and made to lie on the floor. A blan-

ket was then thrown over them, and a couch was tipped on top of them. Property having a value of approximately $1,000 was taken, consisting of a shotgun, a diamond ring, a silver dollar, watches and costume jewelry.

Defendant contends that the evidence is insufficient to convict him of the crimes because neither of the Hollands could testify that they were absolutely sure that defendant was one of the men who robbed them.

Judging the credibility of the witnesses and weight of the evidence is exclusively the prerogative of the jury.[4] We do not invade that prerogative and overturn the jury's verdict unless the admissible evidence produced at trial is so lacking and unsubstantial that reasonable minds must necessarily entertain a reasonable doubt of defendant's guilt.[5] In considering an issue raised with respect to insufficiency of the evidence, this Court views all of the evidence presented at trial in the light most favorable to the jury's verdict.[6]

In addition to the testimony of Mr. and Mrs. Holland, two accomplices to this crime testified under the prosecutor's grant of immunity for this and other crimes. Their testimony shows that the crime was committed by four rather than only the two men seen by the Hollands. One accomplice, James Nix Rafal, testified that he entered the Holland home with defendant; that Rafal had a gun, and that the two of them took the property identified by the Hollands. The other accomplice, James Kenneth Sanchez, testified that he was one of the two men who waited in the car while Rafal and defendant entered the home. The testimony of the accomplices was corroborated by other evidence produced at trial.[7] Though the Hollands could not testify that they were entirely certain that de-

---

1. Section 76–6–302, U.C.A., 1953.

2. Section 76–6–203, U.C.A., 1953.

3. Section 76–6–404, U.C.A., 1953.

4. *State v. Wilson,* Utah, 565 P.2d 66 (1977).

5. *Id.*

6. *State v. Garcia,* Utah, 663 P.2d 60 (1983); *State v. Gorlick,* Utah, 605 P.2d 761 (1979).

7. Section 77–17–7, U.C.A., 1953, provides that conviction may be had on the *uncorroborated* testimony of an accomplice.

fendant was one of the men who robbed them, the whole of the evidence supports the jury's verdict, and defendant's argument is without merit.

■ Defendant's second point that the crime of theft is a lesser included offense of the crime of aggravated robbery under the circumstances of this case has recently been decided by this Court in the case of *State v. Hill,* Utah, 674 P.2d 96 (1983).

As in *Hill,* the only evidence before the jury in this case showed a completed robbery with property taken from the persons of the Hollands by use of a firearm. In *Hill* this Court determined that under these circumstances theft is a lesser included offense of the crime of aggravated robbery.

Section 76–1–402(3) bars conviction and punishment of defendant for the crime of theft under the circumstances of this case. The conviction for theft is reversed, and the sentence thereon is vacated. The judgments and sentences for aggravated robbery and aggravated burglary are affirmed.