**The STATE of Utah, Plaintiff and Respondent,**

**v.**

**Cary L. LENZING, Defendant and Appellant.**

**No. 19091.**

Supreme Court of Utah.

Sept. 10, 1984.

Brooke C. Wells, Legal Defender, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Roger S. Blaylock, Asst. Atty. Gen., Ted Cannon, County Atty., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This appeal stems from jury convictions of attempted homicide,[1] aggravated rob-

---

1. U.C.A., 1953, § 76–5–201.

bery[2] and carrying a concealed weapon.[3] The sole issue on appeal is whether the evidence was sufficient to support the attempted homicide and aggravated robbery counts.

The believable, material and properly admitted evidence supporting the verdicts may be related as follows. The appellant and the victim were residents of a so-called hobo camp near the railroad tracks in South Salt Lake City. They both had been drinking ⟨...⟩ the evening of the incident here conce⟨...⟩ ⟨...⟩er a short conversation, the app⟨...⟩ bed the victim in the back, chest and stomach, causing him to fall to the ground. Appellant then went through the victim's pockets and removed his wrist watch.

After the police arrived, they determined that the victim's backpack was missing. A short distance away, at a similar site, they found the appellant with the backpack behind him. Appellant asserted ownership of the backpack. There was blood on appellant's left side and his coat. Underneath the coat, an officer found a bloody knife in a sheath.

At the trial, the victim said the appellant had been drinking but was not drunk. An experienced officer also testified that the appellant had been drinking but was not intoxicated. The officer said appellant did not have bloodshot eyes and was able to walk unassisted through the field and across railroad tracks to the police car. Without difficulty, appellant followed instructions given to him by the officer.

Defense counsel refers only to selected parts of the record as to appellant's condition resulting from his drinking. Based upon such evidence, counsel argues that "at the time of the stabbing appellant was too intoxicated to form the required intent" to support the charge of attempted criminal homicide.[4] Counsel also asserts that there was no evidence "which connected the dis-

appearance of the backpack to the stabbing."

While the evidence on the degree of intoxication was conflicting, there was evidence which, if believed by the jury, was sufficient to find that appellant was not incapable of forming the requisite intent.[5] We certainly cannot hold as a matter of law, as the appellant would have us do, that the evidence of his intoxication was so persuasive as to negate the required intent for attempted criminal homicide.

There is also competent evidence to support the verdict of aggravated robbery. While it is true that the evidence regarding the taking of the victim's backpack by the appellant was circumstantial, the victim did testify that the appellant took his watch and money from his pockets. Money found in possession of the appellant had blood on it and was similar in denomination to that which the victim had in his pocket. The evidence regarding the robbery of the watch and money was not circumstantial and clearly supports the verdict of aggravated robbery, independently of the robbery of the backpack.

In addition, we note that appellant has failed to comply with Utah R.Civ.P. 75(p)(2)(2)(d) by failing to provide any supporting record citations for his statement of facts. This alone is sufficient grounds for affirmance. *State v. Tucker*, Utah, 657 P.2d 755 (1982).

The verdicts and sentences are affirmed.

---

**2.** U.C.A., 1953, § 76–6–302.

**3.** U.C.A., 1953, § 76–10–504.

**4.** The defense is claimed under U.C.A., 1953, § 76–2–306.

**5.** *State v. McCullar*, Utah, 674 P.2d 117 (1983); *State v. Bush*, Utah, 646 P.2d 748 (1982); *State v. Wood*, Utah, 648 P.2d 71 (1982); *State v. Sisneros*, Utah, 631 P.2d 856 (1981).