**STATE of Utah, Plaintiff and Respondent,**

v.

**Jeffrey D. LOGAN and Charles G. Sargent, Defendants and Appellants.**

**No. 20319.**

Supreme Court of Utah.

Dec. 24, 1985.

---

Marcus Taylor, Richfield, for defendants and appellants.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

At the conclusion of their jury trial, defendants were each found guilty of two counts of rape, one count of forcible sexual abuse, and one count of theft. Defendants' motion to arrest judgment was granted, and the convictions of forcible sexual abuse were dismissed. Judgment was entered, and defendants were sentenced on the rape and theft convictions. We reject defendants' contention on appeal that the rape convictions should also be dismissed.[1]

The victim, a sixteen-year-old girl, was traveling alone in her car along Interstate 70, returning home to Washington from Colorado. When her car broke down near Salina, Utah, defendants stopped and rendered assistance. Defendants drove the victim into Salina in order for her to arrange for car repair and her overnight accommodation. In appreciation for their help, she invited defendants to her motel room to rest, clean up, and drink some beer. After a few hours of talking and drinking beer, defendants were asked to leave. Instead of leaving as requested, defendants forcibly restrained the victim upon her bed, removed her clothing, and tortured her by making small cuts on various parts of her body with large pieces of broken glass. After several minutes, defendants raped the restrained girl. Defendants then left the victim in the motel room and drove off.

When arrested, defendants admitted to having sexual intercourse. At trial, the testimony of the victim was clear and uncontradicted. No contrary evidence was offered by defendants. Later, in support of their motion to dismiss the forcible sexual abuse charge, defendants conceded that rape was committed.

Defendants allege error by the trial court in instructing the jury on both rape and forcible sexual abuse. Defendants argue that the jury's guilty verdict as to both offenses is inconsistent because a finding of guilt as to rape precludes a conviction of forcible sexual abuse. *Compare* U.C.A., 1953, § 76–5–402(1) and § 76–5–404, as amended (delineating the elements of rape and forcible sexual abuse respectively). The State argued at trial that the two offenses were not inconsistent because the sexual abuse in cutting the victim occurred as a separate act prior to the rape. *See State v. Martinez,* 67 Ariz. 389, 198 P.2d 115 (1948); *Hepstall v. State,* Ala.Crim. App., 418 So.2d 223 (1982); *Born v. State,* Alaska App., 633 P.2d 1021 (1981).

---

1. In this appeal, no issue is raised as to defendants' theft convictions.

We need not determine whether the two offenses were inconsistent or whether they were committed as separate acts. An "inconsistent verdict" does not necessarily in and of itself constitute reversible error or a lack of due process. *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *cf. United States v. Powell*, — U.S. —, 105 S.Ct. 471, 477, 83 L.Ed.2d 461 (1984). The defect occasioned by an "inconsistent verdict," if any, is cured when the trial judge enters judgment or imposes sentence upon only one charge or count. *State v. Hill*, Utah, 674 P.2d 96 (1983). In *Hill*, the defendant was improperly convicted of both aggravated robbery and the lesser offense of theft. We regarded the conviction of theft as mere surplusage which did not invalidate his conviction and sentence on the greater offense. *Id.* at 98. *See United States v. Daigle*, 149 F.Supp. 409 (D.C.Cir.1957), *aff'd per curiam*, 248 F.2d 608 (1957), *cert. denied*, 355 U.S. 913, 78 S.Ct. 344, 2 L.Ed.2d 274 (1958); 4 C. Torcia, *Wharton's Criminal Procedure* § 575, at 132–33 (12th ed. 1976). Because the trial court dismissed the abuse convictions, any alleged inconsistency in the verdict was not prejudicial.

Defendants argue that the sexual abuse instruction was erroneous and that if properly presented to the jury, they would have been acquitted of this charge. Aside from the fact that our disposition of the inconsistent verdict argument renders this issue moot, we note that defendants did not object below to the court's instructions on both offenses and did not propose any instruction that the abuse charge should be considered only as an alternative or lesser included offense. *State v. Shabata*, Utah, 678 P.2d 785, 790 (1984); *State v. Kazda*, Utah, 545 P.2d 190 (1976). Absent exceptional circumstances, we will not consider grounds presented for the first time on appeal and not argued or presented below. *State v. Velasquez*, Utah, 672 P.2d 1254, 1265 (1983); *State v. Steggell*, Utah, 660 P.2d 252 (1983). No such exceptional circumstances exist here.

The judgment of the trial court is affirmed.