The STATE of Utah, Plaintiff
and Respondent,

v.

Michael Lynn SHELBY, Defendant
and Appellant.

No. 860299.

Supreme Court of Utah.

Oct. 30, 1986.

Bryce K. Bryner, Price, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

■ This appeal is before us on counsel's motion to withdraw after filing an *Anders* [1] brief, in accordance with our opinion in *State v. Clayton,* 639 P.2d 168 (Utah 1981). The State opposes this motion to withdraw, arguing that counsel has failed to comply with step five as outlined in *Clayton, supra.* However, the brief contains a certificate of mailing showing that counsel has supplied defendant with a brief. In that certificate, counsel also states that the points requested by defendant have been raised in the brief. As counsel has complied with *Clayton,* we have examined the proceedings to determine whether the issues raised are arguable on appeal.

Defendant claims that the trial court erred in signing a judgment which provided for consecutive sentences for two separate convictions. Defendant contends that the court announced from the bench that the two sentences were to run concurrently. However, the transcript shows that the court stated that the two sentences were to run consecutively:

> And those sentences will run consecutively. In other words, the one sentence will begin as soon as the other one ends. They will not run concurrently.

Secondly, defendant contends that the trial court abused its discretion in denying defendant's motion for additional time before sentencing within which to explore an in-patient drug treatment program, as an alternative to prison. However, in denying defendant's motion, the trial judge stated that defendant had previously been placed on probation for this purpose and had committed an additional felony while on probation. The trial judge stated that defendant had not made any significant changes in his

---

**1.** *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

life and that he felt further probation would not be appropriate.

The trial court has discretion in sentencing under U.C.A., 1953, § 76–3–201 and may order sentences to run consecutively pursuant to section 76–3–401. This Court does not disturb a sentence unless it exceeds that prescribed by law or unless the trial court has abused its discretion. *State v. Gerrard*, 584 P.2d 885 (Utah 1978). We find no such abuse of discretion here, and the sentence is within the limits prescribed by statute.

Our examination of the proceedings reveals that the issues raised are wholly without merit. Counsel's request to withdraw is therefore granted, and the judgment is affirmed.