STATE of Utah, Plaintiff and Appellee,

v.

Charles Kenneth McCOVEY aka
Charles Kenneth Hodges,
Defendant and Appellant.

No. 890137.

Supreme Court of Utah.

Dec. 18, 1990.

Andrew A. Valdez, Lisa J. Remal, Joan
C. Watt, Richard G. Uday, Salt Lake City,
for defendant and appellant.

R. Paul Van Dam, David B. Thompson,
Salt Lake City, for plaintiff and appellee.

HALL, Chief Justice:

Defendant Charles Kenneth McCovey
was convicted of second degree (felony)
murder, a first degree felony,[1] and aggra-
vated robbery, a first degree felony.[2] The
trial court sentenced McCovey for both
crimes, and he now appeals the aggravated
robbery sentence, claiming that it is a less-
er included offense of second degree felony
murder.

On April 22, 1988, McCovey robbed a
Kearns, Utah video store. During the
course of the robbery, he shot and killed a
customer in the store. McCovey main-
tained throughout the trial that the shoot-
ing was an accident.

The State charged McCovey with murder
in the first degree and aggravated robbery.
At trial, the State attempted to prove that
he intentionally or knowingly killed the cus-
tomer during the robbery. The trial court
gave jury instructions on murder in the
first degree (capital homicide) and murder
in the second degree (felony murder). The
trial court's instruction informed the jury
that it could convict for second degree mur-
der if it found the following two elements
beyond a reasonable doubt:

1. On or about April 22, 1988, in Salt
Lake County, State of Utah, the defen-
dant Charles Kenneth McCovey, aka
Hodges caused the death of Anna
Holmes;

2. While in the commission or attempt-
ed commission of aggravated robbery
causes the death of another person.

The jury convicted McCovey of second
degree murder and aggravated robbery.
The fact that McCovey was convicted for
second degree felony murder pursuant to
Utah Code Ann. § 76–5–203(1)(d) (Supp.
1988) is undisputed.

During the sentencing hearing on
March 13, 1989, McCovey moved to merge
the aggravated robbery conviction with the
second degree murder conviction. The trial

---

1. Utah Code Ann. § 76–5–203(1)(d) (Supp.1988).

2. Utah Code Ann. § 76–6–302 (Supp.1988).

court denied McCovey's motion and sentenced him to two consecutive terms of five years to life. The sole issue presented on appeal is whether aggravated robbery is a lesser included offense of second degree felony murder, thereby making the sentence a violation of the double jeopardy clause of the fifth amendment to the United States Constitution[3] and Utah Code Ann. § 76-1-402 (1978).[4]

 The sentence imposed by the trial court is not to be disturbed unless the court abused its discretionary powers.[5] An abuse of discretion results when the judge "fails to consider all legally relevant factors"[6] or if the sentence imposed is "clearly excessive."[7] McCovey claims that the sentence imposed was clearly excessive because aggravated robbery is a lesser included offense of second degree felony

murder and, therefore, he should not be punished for both offenses.

We have addressed the issue of lesser included offenses in a number of cases,[8] but this is the first time the issue has been raised in regard to the second degree felony murder statute. Resolution of the issue requires a determination of whether the legislature intended aggravated robbery to be a lesser included offense of second degree felony murder.[9]

The United States Supreme Court defined lesser included offenses in *Blockburger v. United States*[10] by stating: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provi-

3. The fifth amendment states:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without the due process of the law; nor shall private property be taken for public use, without just compensation.

The fifth amendment is applicable to the states through the fourteenth amendment. *Benton v. Maryland*, 395 U.S. 784, 787, 89 S.Ct. 2056, 2058, 23 L.Ed.2d 707 (1969).

4. Utah Code Ann. § 76-1-402(3) states in pertinent part: "A defendant may be convicted of an offense included in the offense charged but may not be convicted of both the offense charged and the included offense."

McCovey has neither briefed nor pleaded a violation of Utah's double jeopardy clause, Utah Const. art. I, § 12, which states: "The accused shall not be compelled to give evidence against himself; a wife shall not be compelled to testify against her husband, nor a husband against his wife, *nor shall any person be twice put in jeopardy for the same offense.*" (Emphasis added.)

5. *See, e.g., State v. Russell,* 791 P.2d 188, 192–93 (Utah 1990); *State v. Shelby,* 728 P.2d 987, 988 (Utah 1986); *State v. Gerrard,* 584 P.2d 885, 887–88 (Utah 1978).

6. *State v. Gibbons,* 779 P.2d 1133, 1135 (Utah 1989).

7. *Gerrard,* 584 P.2d at 887; *see also Russell,* 791 P.2d at 192–93.

8. *See State v. Larocco,* 794 P.2d 460, 462 (Utah 1990) (possession of a stolen vehicle is a lesser included offense of theft of a vehicle); *State v. Bell,* 785 P.2d 390, 392–95 (Utah 1989) (aggravated robbery is not a lesser included offense of attempted murder during the commission of a felony); *State v. Branch,* 743 P.2d 1187, 1191–92 (Utah 1987) (aggravated assault is not a lesser included offense of aggravated robbery; however, theft is a lesser included offense of aggravated robbery under facts presented); *State v. Hansen,* 734 P.2d 421, 423–27 (Utah 1986) (second degree felony murder is a lesser included offense of first degree murder); *State v. Shaffer,* 725 P.2d 1301, 1313–14 (Utah 1986) (the aggravating circumstances listed in the first degree murder statute are lesser included offenses of first degree murder); *State v. Baker,* 671 P.2d 152, 152–60 (Utah 1983) (criminal trespass is a lesser included offense of burglary); *State v. Hill,* 674 P.2d 96, 96–98 (Utah 1983) (theft is a lesser included offense of aggravated robbery); *see also State v. Mane,* 783 P.2d 61, 63–66 (Utah Ct.App.1989) (attempted homicide and aggravated assault are not lesser included offenses of either capital homicide or second degree murder under the facts presented).

9. *See, e.g., Tillman,* 750 P.2d 546 at 569 (Utah 1987) (courts must conclude from the context and history of statutes the most likely intent of the legislature in drafting and adopting the statute).

10. 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

sion requires proof of a fact which the other does not." [11]

The definition of a lesser included offense has been codified in Utah Code Ann. § 76–1–402(3)(a) (1978) and reads in pertinent part as follows:

> (3) A defendant may be convicted of an offense included in the offense charged but may not be convicted of both the offense charged and the included offense. An offense is so included when:
>> (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged....

We have interpreted section 76–1–402(3)(a) to mean that "where the two crimes are 'such that the greater cannot be committed without necessarily having committed the lesser,' then as a matter of law they stand in the relationship of greater and lesser offenses, and the defendant cannot be convicted or punished for both." [12]

In order to determine whether a greater-lesser relationship exists between two offenses, we undertake a two-part test. In *State v. Hill*,[13] we stated:

> We conclude that for purposes of the prohibition against conviction "of both the offense charged and the included offense," the greater-lesser relationship must be determined by comparing the statutory elements of the two crimes as a theoretical matter and, where necessary, by reference to the facts proved at trial.[14]

The circumstance under which "reference to the facts proved at trial" becomes "necessary" is when there are specific variations of the crimes committed. In *Hill*, we further stated:

> A theoretical comparison of the statutory elements of two crimes having multiple variations will be insufficient. In order

to determine whether a defendant can be convicted and punished for two different crimes committed in connection with a single criminal episode, the court must consider the evidence to determine whether the greater-lesser relationship exists between the specific variations of the crimes actually proved at trial.[15]

Accordingly, we compare the statutory elements of the crimes charged. Second degree felony murder is codified in Utah Code Ann. § 76–5–203 (Supp.1988) and reads in pertinent part as follows:

> (1) Criminal homicide constitutes murder in the second degree if the actor:
>> (a) intentionally or knowingly causes the death of another;
>> (b) intending to cause serious bodily injury to another, he commits an act clearly dangerous to human life that causes the death of another;
>> (c) acting under circumstances evidencing a depraved indifference to human life, he engages in conduct which creates a grave risk of death to another and thereby causes the death of another; or
>> (d) while in the commission, attempted commission, or immediate flight from the commission or attempted commission of *aggravated robbery*, robbery, rape, object rape, forcible sodomy, or aggravated sexual assault, aggravated arson, arson, aggravated burglary, burglary, aggravated kidnaping, kidnaping, child kidnaping, rape of a child, object rape of a child, sodomy upon a child, forcible sexual abuse, sexual abuse of a child, aggravated sexual abuse of a child, or child abuse, as defined in Subsection 76–5–109(2)(a), when the victim is younger than 14 years of age, causes the death of an-

---

11. *Id.* at 304, 52 S.Ct. at 182; *see also Brown v. Ohio,* 432 U.S. 161, 168, 97 S.Ct. 2221, 2226–27, 53 L.Ed.2d 187 (1977); *Iannelli v. United States,* 420 U.S. 770, 777–86, 95 S.Ct. 1284, 1289–94, 43 L.Ed.2d 616 (1975); *Gore v. United States,* 357 U.S. 386, 388, 78 S.Ct. 1280, 1282, 2 L.Ed.2d 1405 (1958).

12. *Hill,* 674 P.2d at 97 (quoting *Baker,* 671 P.2d at 156).

13. 674 P.2d 96 (Utah 1983).

14. *Id.* at 97 (citation omitted); *see also Branch,* 743 P.2d at 1191–92; *Hansen,* 734 P.2d at 424; *Shaffer,* 725 P.2d at 1313–14; *Baker,* 671 P.2d at 154–55.

15. 674 P.2d at 97.

other person other than a party as defined in Section 76-2-202.

(Emphasis added.)

Aggravated robbery is codified in Utah Code Ann. § 76-6-302 (Supp.1988) and reads in pertinent part as follows:

(1) A person commits aggravated robbery if in the course of committing robbery, he:

(a) Uses a firearm or a facsimile of a firearm, knife or a facsimile of a knife or a deadly weapon, or

(b) causes serious bodily injury upon another.

Under a strict theoretical comparison, aggravated robbery does not have the "same or less than all" of the elements in any of the first three variations of second degree murder under subsections (1)(a), (b), or (c), but does qualify under subsection (d), the felony murder rule. In order to obtain a felony murder conviction, the prosecution must first prove that the murder was committed during the commission, attempted commission, or flight from the commission or attempted commission of a felony. Aggravated robbery is one of the necessary predicate offenses of felony murder.

The second part of the *Hill* test requires a determination of whether evidence of the lesser included offense was presented at trial. It is undisputed that all elements of aggravated robbery were proven at trial and that McCovey was convicted of the crime. Also undisputed is the fact that the murder took place during the commission of aggravated robbery.

Despite the fact that under the *Hill* analysis aggravated robbery would be a lesser included offense of felony murder, we recognize that enhancement statutes are different in nature than other criminal statutes. For example, theft has been held to be a lesser included offense of aggravated robbery because theft, by its very nature, has elements that overlap aggravated robbery.[16] Yet the only reason aggravated robbery is encompassed within the definition of lesser included offense of felony murder is that the legislature designated it as an enhancing offense. Aggravated robbery does not, by its nature, have overlapping elements with any traditional form of murder.

An intentional and knowing killing is punishable as second degree murder [17] unless accompanied by some aggravating factor, in which case it is enhanced to first degree murder.[18] One of the aggravating factors that will enhance a murder from second degree to first degree is aggravated robbery.

In *State v. Shaffer*,[19] we addressed the issue of whether the aggravating factors that enhance second degree murder to first degree murder are lesser included offenses. We stated:

[P]roof of aggravated robbery was a necessary element to proof of first degree felony murder. There can be no doubt that, standing alone, the crimes of aggravated robbery and first degree murder are separate offenses. The offenses are found in different sections of the code. First degree murder is an offense against the person, whereas aggravated robbery is an offense against property. However, under the test for separateness found in section 76-1-402(3), aggravated robbery becomes a lesser included offense of first degree felony murder where, in the situation such as the case at bar, the predicate felony for first de-

---

**16.** *See, e.g., Branch,* 743 P.2d at 1191–92 (Utah 1987) (aggravated assault is not a lesser included offense of aggravated robbery; however, theft is a lesser included offense of aggravated robbery under facts presented); *Hill,* 674 P.2d at 96–98 (Utah 1983) (theft is a lesser included offense of aggravated robbery); *see also Larocco,* 794 P.2d at 462 (Utah 1990) (possession of a stolen vehicle is a lesser included offense of theft of a motor vehicle); *Baker,* 671 P.2d at 154–60 (Utah 1983) (criminal trespass is a lesser included offense of burglary).

**17.** Second degree murder is a first degree felony punishable by a sentence of 5 years to life pursuant to Utah Code Ann. § 76-3-203(1) (1978).

**18.** First degree murder, otherwise known as capital murder, is punishable by death or life imprisonment pursuant to Utah Code Ann. § 76-3-206(1) (1978).

**19.** 725 P.2d 1301 (Utah 1986).

gree murder is aggravated robbery. No additional facts or separate elements are required to prove aggravated robbery after first degree murder based on the predicate offense of aggravated robbery is shown. Thus, first degree murder based on the predicate offense of aggravated robbery stands in a greater relationship to the lesser included offense of aggravated robbery. If the greater crime is proven, then the lesser crime merges into it. Consequently, U.C.A., 1953, § 76–1–402(3) prevents the defendant from being convicted and sentenced for aggravated robbery in addition to first degree murder where the aggravating circumstance is aggravated robbery.[20]

Similarly, the predicate felonies listed in the second degree felony murder statute are also enhancing factors. Were it not for the felony murder statute, an accidental, negligent, or reckless homicide committed during the commission of a felony would only be punishable as manslaughter, a second degree felony, or negligent homicide, a class A misdemeanor.

Despite the fact that there are many functional similarities between the first degree murder aggravating factors and the second degree felony murder enhancements, there are some stark differences between the *Shaffer* case and the present case. First, in *Shaffer*, the victim of the robbery and the victim of the murder were the same person. In the present case, the video store was robbed, and a customer was killed. This distinction sets out in base relief the distinct differences in the nature of aggravated robbery and felony murder because there are two separate victims.

Second, at common law, the felony murder doctrine did not envision any lesser punishment for felony murder than death; therefore, there was no need to consider whether the underlying felony should also be punished. Similarly, *Shaffer* involved a capital murder conviction pursuant to Utah's first degree murder statute, under which the designated punishments are death and life imprisonment.[21] In the instant case, McCovey was convicted pursuant to the second degree felony murder statute, under which the punishment for the murder is five years to life. Therefore, in the instant case it would not be needless or surplusage to consider the underlying felony as a separate offense.

The determination to be made is whether the legislature intended aggravated robbery—or any of the felonies listed in subsection (1)(d)—to be a lesser included offense of second degree felony murder.[22] The first step in determining legislative intent is to consider the nature and purpose of the felony murder statute.[23]

The traditional common law purpose of the felony murder doctrine has been to allow the State to obtain a second degree murder conviction without proving any form of *mens rea*, or mental state. The felony murder statute automatically enhances the degree of the offense and punishment without the necessity of considering a *mens rea* or mental state, i.e., whether the felon intended to commit murder.[24] In essence, it is a strict liability offense that enhances an otherwise unintentional killing to second degree murder.[25]

A further purpose of the felony murder statute is to deter the use of force or weapons in the commission of a felony.[26]

20. *Id.* at 1313–14 (footnote omitted).

21. We have yet to address the issue of whether the first degree murder punishment of life imprisonment envisions the possibility of parole.

22. *See, e.g., Millett v. Clark Clinic Corp.,* 609 P.2d 934, 936 (Utah 1980).

23. *See, e.g., State v. Tillman,* 750 P.2d 546, 569 (Utah 1987).

24. *See, e.g., Hansen,* 734 P.2d at 425 n. 6; *see also State v. Williams,* 305 S.E.2d 251, 267 (W.Va.1983); *State v. Sims,* 162 W.Va. 212, 248 S.E.2d 834, 843–44 (1978).

25. *See Richmond v. State,* 554 P.2d 1217, 1232 (Wyo.1976).

26. *See, e.g., Talancon v. State,* 102 Nev. 294, 721 P.2d 764, 768 (1986); *Birr v. State,* 744 P.2d 1117, 1121 (Wyo.1987); Note, *The Diminished Capacity Defense to Felony–Murder,* 23 Stan.L. Rev. 799, 800 (1970–1971).

If a felon knows that a homicide committed during the commission of a felony, whether accidental or unintentional, will be treated as a first degree felony in addition to the underlying felony being committed, he or she will be less apt to use deadly force or dangerous weapons. Conversely, if the legislature intended to make the underlying felony a lesser included offense, then a felon could receive a two-for-one windfall by convincing the jury that the homicide was unintentional or accidental.

Jurisdictions are split over the controversy of whether an underlying felony is a lesser included offense of felony murder.[27] In all cases, however, the appellate courts, whether state or federal, looked to the intent of the state legislatures and deferred to the states' police powers.[28] Indeed, in *Albernaz v. United States*,[29] the United States Supreme Court stated: "[T]he question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution."[30]

It would appear that the Utah State Legislature did not intend the multiple crimes of felony murder to be punished as a single crime, but rather, that the homicide be enhanced to second degree felony murder in addition to the underlying felony. To conclude otherwise would be to defeat the deterrent purpose of the felony murder statute and result in unjust consequences. A true lesser included relationship does not exist in the felony murder statute under either the statutory analysis, the *Hill* test, or the *Blockburger* test. Allowing punishment for both felony murder and the underlying felony violates neither the double jeopardy principles of the fifth amendment to the United States Constitution, nor Utah Code Ann. § 76–1–402(3) (1978).

The judgment and sentence of the trial court are affirmed.

HOWE, Associate C.J., and STEWART, J., concur.

27. Those cases and jurisdictions that consider the underlying felony to be separate offenses in their felony murder statutes include the following: *State v. Schad*, 163 Ariz. 411, 788 P.2d 1162, 1168 (1989); *People v. Williams*, 195 Cal. App.3d 398, 240 Cal.Rptr. 717, 719–21 (1987); *State v. Enmund*, 476 So.2d 165, 167–68 (Fla. 1985); *State v. Gonzales*, 245 Kan. 691, 783 P.2d 1239, 1249 (1989); *State v. Dunn*, 243 Kan. 414, 758 P.2d 718, 732–33 (1988); *Talancon*, 721 P.2d at 768; *State v. Stephens*, 93 N.M. 458, 601 P.2d 428, 433 (1979); *State v. Blackburn*, 694 S.W.2d 934, 937 (Tenn.1985); *Fitzgerald v. Commonwealth*, 223 Va. 615, 292 S.E.2d 798, 810–11 (1982); *Birr*, 744 P.2d at 1121.

Those jurisdictions holding that the offenses merge include *Jones v. Thomas*, 491 U.S. 376, 384, & n. 3, 109 S.Ct. 2522, 2527 & n. 3, 105 L.Ed.2d 322, 333–34 & n. 3 (1989) (interpreting Missouri law) (first degree felony murder, life imprisonment); *Whalen v. United States*, 445 U.S. 684, 693–94, 100 S.Ct. 1432, 1438–39, 63 L.Ed.2d 715 (1980) (interpreting District of Columbia law); *Harris v. Oklahoma*, 433 U.S. 682, 682–83, 97 S.Ct. 2912, 2912–13, 53 L.Ed.2d 1054 (1977) (interpreting Oklahoma law); *Sekou v. Blackburn*, 796 F.2d 108, 110–11 (5th Cir.1986); *Ex Parte Beverly*, 497 So.2d 519, 525 (Ala.1986); *Connolly v. State*, 539 So.2d 436, 441 (Ala.Crim. App.1988) (first degree felony murder, life imprisonment); *Hughes v. State*, 668 P.2d 842, 844 (Alaska 1983); *Boulies v. People*, 770 P.2d 1274,

1281 (Colo.1989) (first degree felony murder, sentenced to life in prison); *People v. Raymer*, 662 P.2d 1066, 1070 (Colo.1983) (first degree felony murder, death sentence reversed and remanded on other grounds); *Sivak v. State*, 112 Idaho 197, 731 P.2d 192, 206 (1986) (first degree murder, original sentence of death reversed, remanded for resentencing); *State v. Jones*, 525 So.2d 1149, 1151 (La.Ct.App.1988); *People v. Wilder*, 411 Mich. 328, 308 N.W.2d 112, 116 (1981) (first degree felony murder, life imprisonment); *People v. Bokun*, 145 Misc.2d 860, 548 N.Y.S.2d 604, 607 (Sup.Ct.1989); *Perry v. State*, 764 P.2d 892, 898 (Okla.Crim.App.1988) (first degree felony murder, life imprisonment); *Williams*, 305 S.E.2d at 267–68 (first degree felony murder, life imprisonment).

28. See *Jones v. Thomas*, 491 U.S. at 384–87, 109 S.Ct. at 2527–2533, 105 L.Ed.2d at 333–341 (interpreting Missouri law); *Whalen v. United States*, 445 U.S. at 686, 100 S.Ct. at 1434–35 (interpreting District of Columbia law); *Harris v. Oklahoma*, 433 U.S. at 682, 97 S.Ct. at 2912–13 (interpreting Oklahoma law).

29. 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).

30. *Id.* at 344, 101 S.Ct. at 1145; *see also Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).

DURHAM, Justice (dissenting):

I respectfully dissent. The majority opinion overrides the plain language in Utah Code Ann. § 76–1–402(3)(a). This court has previously stated, "Where statutory language is plain and unambiguous, this Court will not look beyond to divine legislative intent. Instead, we are guided by the rule that a statute should be construed according to its plain language." *Allisen v. American Legion Post No. 134*, 763 P.2d 806, 809 (Utah 1988). The plain language of section 76–1–402(3)(a) indicates that if an offense "is established by proof of the same or less than all the facts required to establish the commission of the offense charged" the defendant may not be convicted of both the offense and an offense so included. It is not possible to convict a defendant of killing while commiting an aggravated robbery without proving the facts of the felony of aggravated robbery. The United States Supreme Court reached a similar result in *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). "A conviction for killing in the course of a rape cannot be had without proving all the elements of the offense of rape." *Whalen*, 445 U.S. at 693–94, 100 S.Ct. at 1438–39.

It is the duty of this court to give effect to the plain meaning of language the legislature has written into law. I agree with the majority that if our legislature had considered the issue of merger in felony first degree murder cases, it would likely have intended to provide that the two offenses in a felony-murder do not merge. The wording of section 76–1–402(3)(a) demonstrates, however, that even if the legislature had such an intent, it did not incorporate it into the statute. The flaw in the approach of the majority opinion is that it ignores the principle that "the court has no power to rewrite a statute to make it conform to an intention not expressed." *Mountain States Tel. & Tel. Co. v. Public Serv. Comm'n*, 107 Utah 502, 505, 155 P.2d 184, 185 (Utah 1945).

Finally, I disagree with the majority's assertion that the existing statutory scheme permits a so-called "windfall" to some defendants. Under indeterminate sentencing, one first degree felony conviction results in a sentence of five years to life. It does not credit the Board of Pardons and Parole with much common sense to suggest that they do not review the actual circumstances of a criminal act (rather than the numerical "count" of the convictions) when deciding on actual time to be served. I would be content to leave the burden where the plain language of the statutes leaves it. I would reverse.

ZIMMERMAN, Justice (dissenting):

Reluctantly, I join Justice Durham's dissent. I agree with the majority that the legislature quite probably did not intend that one convicted of second degree felony murder would receive a sanction no harsher than one convicted of aggravated robbery. However, the plain language of section 76–1–402(3)(a) gives no indication that the legislature addressed this issue. Given the rather unusual historical background of the crime of felony murder, *see, e.g.,* *State v. Hansen*, 734 P.2d 421 (Utah 1986), it seems quite likely that the legislature was entirely unaware of the unique conceptual problems presented by the offense when it passed the criminal code. If there were any way to construe the plain language of the statute to reach the result argued for by the chief justice, I would join his opinion. However, I find no ambiguity in the statute or in our prior precedents.

On the question of McCovey's probable punishment, if we were to reverse McCovey's conviction for aggravated robbery, I am not as sanguine as Justice Durham that the board would keep McCovey in prison as long for one first degree felony as it would for two. But that is no reason to ignore the plain language of the statute by affirming both convictions. We should follow the law and trust that the parole board will examine the details of the underlying crime instead of counting convictions.