2000 Utah Ct. App. 274

**STATE of Utah, Plaintiff and Appellee,**

v.

**Michael Paul PIERSON, Defendant and Appellant.**

No. 990617–CA.

Court of Appeals of Utah.

Oct. 5, 2000.

Roger K. Scowcroft, Salt Lake City, for Appellant.

Jan Graham, Attorney General, and Catherine McAvoy Johnson, Asst. Attorney General, Salt Lake City, for Appellee.

Before Judges BENCH, DAVIS, and THORNE.

## OPINION

DAVIS, Judge:

¶ 1 Defendant Michael Paul Pierson was convicted by a jury of murder, a first degree felony, in violation of Utah Code Ann. § 76–5–203 (1999); aggravated burglary, a first degree felony, in violation of Utah Code Ann. § 76–6–203 (1999); and aggravated kidnaping, a first degree felony, in violation of Utah Code Ann. § 76–5–302 (1999). Defendant appeals on four grounds: (1) the aggravated burglary conviction is a lesser included offense of the murder conviction; (2) the aggravated kidnaping conviction merges with the aggravated burglary conviction;[1] (3) the trial court failed to instruct the jury on included and merged offenses pertaining to both the aggravated burglary and kidnaping convictions; and (4) his sentence is excessive. We affirm.

## BACKGROUND

¶ 2 On January 27, 1997, defendant devised a plan to steal marijuana from a house in West Valley City. Co-defendants Clint Hartley, Jeffery Burgener, and Melisa Parker agreed to participate in the plan.

¶ 3 At approximately 7:30 that evening, Melisa Parker knocked on the door of the house. Defendant, Hartley, and Burgener, all wearing masks and carrying guns, hid to the side of the door so as not to be seen. When Jared Bowers opened the door, defendant and Hartley rushed into the house and defendant fired his gun once. Then, Hartley fired once, apparently unintentionally killing Donald Dobson, a resident of the house.

¶ 4 One of the perpetrators[2] placed a gun to Neyna Davis's head, told her to get down, and asked her where the "weed" was. She was then directed, at gunpoint, downstairs to the basement where they entered Jared Bowers's room. Inside, they looked in a closet that contained a rifle. The perpetrator told her, "Don't think about touching that." From there the gunman forced her into the entertainment room, as well as a storage area. When the gunman found no marijuana, he ordered her to get down on the floor, and then left her.[3] Shortly thereafter, the perpetrators left the house without taking anything.

¶ 5 Two months later, Melisa Parker came forward, confessed her involvement in the crimes, and revealed the involvement of the others. Defendant was subsequently arrested. From the time of the crimes until sentencing, defendant threatened several of the witnesses that they and their families would die if they testified against him.

¶ 6 After being convicted by a jury, defendant was sentenced to two consecutive terms of five-years-to-life for the murder and aggravated burglary convictions, and one consecutive term of fifteen-years-to-life for the aggravated kidnaping conviction, as well as three consecutive one-to-five year dangerous weapon enhancements.

## ISSUES AND STANDARDS OF REVIEW

■■ ¶ 7 Defendant argues that aggravated burglary is a lesser included offense of

---

1. Defendant conceded during oral argument, that under current Utah law, aggravated kidnaping is not a lesser included offense of aggravated burglary; thus, we will not address the issue.

2. Although the testimony is conflicting over which one of the perpetrators forced Neyna Davis downstairs, it is undisputed that defendant

is liable under an accomplice liability theory. *See* Utah Code Ann. § 76–2–202 (1999).

3. Elaina Hoggard was also held at gunpoint during this incident. However, defendant was not charged with kidnaping her.

felony murder and should have been dismissed. "[T]he propriety of a trial court's decision to grant or deny a motion to dismiss is a question of law that we review for correctness." *Tiede v. State*, 915 P.2d 500, 502 (Utah 1996). Likewise, "[w]hether one crime is a lesser included offense of another is a question of law reviewed for correctness." *State v. Betha*, 957 P.2d 611, 617–618 (Utah Ct.App.1998).

¶ 8 Defendant also argues that the aggravated kidnaping charge should merge with the aggravated burglary charge. "This is essentially an issue of statutory construction that we review for correctness, according no particular deference to the trial court." *State v. Mecham*, 2000 UT App 247, ¶ 20, 402 Utah Adv. Rep. 12, 9 P.3d 777.

¶ 9 Defendant next argues that the trial court failed to correctly instruct the jury on the law of merger and lesser included offenses. Whether to give a jury instruction is a conclusion of law that is reviewed for correctness. *See State v. Parra*, 972 P.2d 924, 927 (Utah Ct.App.1998).

¶ 10 Defendant finally argues that the trial court abused its discretion by ordering defendant to serve maximum consecutive sentences. "We review the sentencing decisions of a trial court for abuse of discretion. Abuse of discretion 'may be manifest if the actions of the judge in sentencing were "inherently unfair" or if the judge imposed a clearly excessive sentence.'" *State v. Houk*, 906 P.2d 907, 909 (Utah Ct.App.1995) (citations omitted); *see also State v. McCovey*, 803 P.2d 1234, 1235 (Utah 1990) (finding abuse of discretion when court fails to consider all legally relevant factors or when sentence imposed is clearly excessive); *State v. Gerrard*, 584 P.2d 885, 887 (Utah 1978) (concluding that "appellate court can properly find abuse only if it can be said that no

reasonable [person] would take the view adopted by the trial court").

## ANALYSIS

### A. Aggravated Burglary as a Lesser Included Offense

¶ 11 Defendant first argues that the trial court erred by denying his motion to dismiss the aggravated burglary count because it was a lesser included offense of the felony murder count. The Utah Supreme Court addressed this very issue in *State v. McCovey*, 803 P.2d 1234 (Utah 1990). The *McCovey* court decided "whether aggravated robbery is a lesser included offense of second degree[4] felony murder." *Id.* at 1235. The court held that, "Allowing punishment for both felony murder and the underlying felony violates neither the double jeopardy principles of the fifth amendment of the United States Constitution, Article I, section 12 of the Utah State Constitution, nor Utah Code Ann. § 76–1–402(3)(1978)."[5] *Id.* at 1239.

¶ 12 To determine whether an offense is a lesser included offense of another crime, a two-part test is used. "[F]or purposes of the prohibition against conviction 'of both the offense charged and the included offense,' the greater-lesser relationship must be determined by comparing the statutory elements of the two crimes as a theoretical matter and, where necessary, by reference to the facts proved at trial." *Id.* at 1236 (quoting *State v. Hill*, 674 P.2d 96, 97 (Utah 1983)). The trial court, if necessary, must then determine "whether the greater-lesser relationship exists between the specific variations of the crimes actually proved at trial." *Id.*

¶ 13 The statutory elements of murder charged in this case include the elements of aggravated burglary. Aggravated burglary is a predicate offense which removes intent as an element of homicide.[6] Thus, as a theo-

---

4. After 1991, Utah Code Ann. § 76–5–203 no longer made the distinction between first and second degree murder. However, the murder charge proven here is akin to the second degree murder charge in *McCovey*. *Compare* Utah Code Ann. § 76–5–203(1)(d)(1999) with Utah Code Ann. § 76–5–203(1)(d) (Supp.1988).

5. The 1978 version of the statute is still valid.

6. Utah Code Ann. § 76–5–203 (1999), Murder, reads as follows:

(1) Criminal homicide constitutes murder if the actor:

. . .

(d) while in the commission, attempted commission, or immediate flight from the commission or attempted commission of . . . aggravat-

retical matter, felony murder has all the elements of aggravated burglary.

¶ 14 The second part of the test requires a determination of whether evidence of the lesser included offense was presented at trial. *Id.* at 1237. Here, it is undisputed that aggravated burglary was proven at trial.

¶ 15 However, the *McCovey* court disregarded the result of this test, and instead looked to the intent of the Legislature. *McCovey* held:

> Despite the fact that under the *Hill* analysis aggravated robbery would be a lesser included offense of felony murder, we recognize that enhancement statutes are different in nature than other criminal statutes .... Yet the only reason aggravated robbery is encompassed within the definition of [the] lesser included offense of felony murder is that the legislature designated it as an enhancing offense. Aggravated robbery does not, by its nature, have overlapping elements with any traditional form of murder.

*McCovey*, 803 P.2d at 1237–38. Likewise here, aggravated burglary does not by its nature "have overlapping elements with any traditional form of murder" and it is used as an "enhancing offense." *Id.*

¶ 16 Defendant argues that *State v. Shaffer*, 725 P.2d 1301 (Utah 1986), should control instead of *McCovey*. *Shaffer* held that aggravated robbery was a lesser included offense when used to enhance second degree murder to first degree murder. *See id.* at 1314. However, in *McCovey*, the court distinguished *Shaffer* for two reasons. First, in *McCovey*, the robbery victim and the homicide victim were different people, unlike in *Shaffer*. Second, in *Shaffer*, the defendant was subject to a sentence of capital murder, which would make it "surplusage to consider the underlying felony as a separate offense," whereas the defendant in *McCovey* was subject to only five-years-to-life imprisonment. *McCovey*, 803 P.2d at 1238.

¶ 17 The case before us, like *McCovey*, is distinguishable from *Shaffer*. First, the burglary victim, as indicated in the jury instructions, was a different person than the murder

victim. Second, here, defendant was convicted of murder (formerly second degree murder), and not aggravated murder (formerly first degree murder), and was sentenced to five-years-to-life imprisonment. Thus, this case is controlled by *McCovey* and aggravated burglary is not a lesser included offense of murder.

### B. Merger of Aggravated Kidnaping with Aggravated Burglary

¶ 18 Defendant next argues that under the facts of this case, aggravated kidnaping should merge with aggravated burglary. According to defendant, aggravated burglary, as charged here, requires the use of a dangerous weapon against a person, and a detention is therefore inherent in the burglary. We disagree that detention is inherent in the "host crime" of aggravated burglary. Unlike crimes such as aggravated robbery or rape, which by their nature can contain elements of aggravated kidnaping, detention is not inherent in the criminal act of aggravated burglary.

¶ 19 The supreme court adopted a three-part test to determine if kidnaping merges with another crime. *See State v. Finlayson*, 2000 UT 10, ¶ 23, 994 P.2d 1243. The three-part test states:

> "If a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnaping the resulting movement or confinement:
>
> (a) Must not be slight, inconsequential and merely incidental to the other crime;
>
> (b) Must not be of the kind inherent in the nature of the other crime; and
>
> (c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection."

*Finlayson*, 2000 UT 10 at ¶ 23, 994 P.2d 1243 (quoting *State v. Buggs*, 219 Kan. 203, 547 P.2d 720, 731 (1976)).

¶ 20 Under Utah Code Ann. § 76-6-202(1) (1999), "[a] person is guilty of burglary if he enters or remains unlawfully in a building or

ed burglary ... causes the death of another

person other than [an accomplice].

any portion of a building with intent to commit a felony or theft or commit an assault on any person." Aggravated burglary is a burglary in which the defendant either causes injury to a nonparticipant in the crime, uses or threatens the use of a dangerous weapon against any nonparticipant, or possesses a dangerous weapon. *See* Utah Code Ann. § 76–6–203(1) (1999). Thus, the crime of aggravated burglary can be completed upon entry of the building, and detention is inherent in neither the definition of aggravated burglary nor under the facts of this case.

### C. Jury Instructions on Lesser Included Offenses and Merger

¶ 21 Defendant argues that the judge should have given the jury instructions on lesser included offenses and the doctrine of merger despite trial counsel's failure to request such instructions. However, based upon our holdings above, the trial court did not err in determining that aggravated burglary is not a lesser included offense of murder and that aggravated kidnaping does not merge with aggravated burglary. Thus, the court was not required to instruct the jury on these concepts.

### D. Sentencing

¶ 22 For a trial court to determine whether to impose concurrent or consecutive sentences, it "shall consider the gravity and circumstances of the offenses and the history, character, and rehabilitative needs of the defendant ...." Utah Code Ann. § 76–3–401(4) (1999). Here, the record is replete with support for consecutive sentences. Defendant was the mastermind behind the scheme to burglarize the house, he carried a gun into the house, and he fired it. Additionally, based upon defendant's criminal history and his lack of remorse, the trial court clearly did not abuse its discretion in imposing consecutive sentences.

¶ 23 Furthermore, the trial court did not abuse its discretion by imposing the maximum sentence under the dangerous weapon enhancement, *see* Utah Code Ann. § 76–3–203(1) (1999), and for aggravated kidnaping, *see id.* § 76–5–302(3). The trial court evaluated defendant's age and his rehabilitative needs and accepted all letters in support of defendant in sentencing. Unlike *State v. Strunk*, 846 P.2d 1297, 1300 (Utah 1993), defendant was not sixteen years old, nor did his criminal record lack prior violent crimes. Additionally, the facts of this case are distinguishable from the facts in *State v. Galli*, 967 P.2d 930 (Utah 1998), in which none of the victims were injured and defendant's criminal history consisted of traffic offenses and a misdemeanor theft. Here, defendant organized the raid of the house, he was the first to enter the house with his gun displayed, and he was the first to shoot his gun. In addition, he had an extensive juvenile record and was held in detention three separate times for committing offenses such as robbery, shooting in a restricted area, and contempt. Based upon these facts and defendant's criminal history, it was well within the trial court's discretion to impose the maximum sentences.[7]

### CONCLUSION

¶ 24 We conclude that: (1) aggravated burglary is not a lesser included offense of felony murder; (2) aggravated kidnaping does not merge with aggravated burglary; (3) the jury instructions were proper; and (4) defendant's sentence was not excessive.

¶ 25 WE CONCUR: RUSSELL W. BENCH, Judge, and WILLIAM A. THORNE, Jr., Judge.

---

7. Defendant contends that there were mitigating circumstances regarding his role in the murder of Mr. Dobson. However, the fact that he was not the one who actually shot Mr. Dobson, the shooting may have been unintentional, and he did not shoot at Mr. Dobson are not mitigating factors under the felony murder statute. *See* Utah Code Ann. § 76–5–203 (1999). It is this very type of incident that the felony murder statute is intended to address and apparently is the reason that defendant was not charged with a greater degree of homicide. Thus, based solely upon his involvement in the scheme itself, he is criminally liable for Mr. Dobson's death, and imposing the maximum sentence for felony murder with the dangerous weapon enhancement was not an abuse of discretion.