2006 UT App 233
**STATE of Utah, Plaintiff and Appellant,**

v.

**Joshua RICH, Defendant and Appellee.**

No. 20050264–CA.

Court of Appeals of Utah.

June 8, 2006.

Mark L. Shurtleff, Atty. Gen., and Brett J. DelPorto, Asst. Atty. Gen., Salt Lake City, for Appellant.

Margaret P. Lindsay, Orem, for Appellee.

Before BENCH, P.J., GREENWOOD, Associate P.J., and ORME, J.

## MEMORANDUM DECISION

BENCH, Presiding Judge:

¶ 1 The State of Utah appeals the trial court's dismissal of Defendant Joshua Rich's charge of aggravated robbery, a first degree felony in violation of Utah Code section 76–6–302. *See* Utah Code Ann. § 76–6–302 (2003). The trial court dismissed Defendant's charge because the State failed to bring the case to trial within 120 days as requested by Defendant, pursuant to Utah Code section 77–29–1. *See* Utah Code Ann. § 77–29–1 (2003).

¶ 2 First, the State asserts that the trial court erred in dismissing the aggravated robbery charge because Defendant's Disposition Request (DR) did not adequately notify the State of the pending charges, as required by section 77–29–1(1). *See id.* § 77–29–1(1). This claim involves an interpretation of a statute and, therefore, presents a question of law that we review for correctness. *See State v. Barrett,* 2005 UT 88, ¶ 14, 127 P.3d 682. Section 77–29–1(1) provides:

> Whenever a prisoner is serving a term of imprisonment in the state prison . . . and there [are] pending [charges] . . . and the prisoner shall deliver . . . a written demand *specifying the nature of the charge and the court wherein it is pending* . . . he shall be entitled to have the charge brought to trial within 120 days of the date of delivery of written notice.

Utah Code Ann. § 77–29–1(1) (emphasis added).

¶ 3 In Defendant's DR, he requested final disposition of the "[c]harges of theft/probation violation . . . pending against [him] in the 4th district court." When Defendant sent his DR to the prison records office, he attached a separate form letter, which provided a space to enter the case number, if known. Defendant wrote the only case number he had in his records, 021400580, referencing the probation ordered on a previous theft conviction.[1]

¶ 4 The State contends that because Defendant used the term "theft" instead of "robbery" and referenced only his previous case number, he did not adequately "specify[ ] the nature of the [aggravated robbery] charge." Utah Code Ann. § 77–29–1(1). We disagree. Defendant testified that because the State charged his accomplice in the current case with theft, he assumed he was similarly charged.[2] Theft is considered a lesser-included offense of robbery. *See State*

---

1. It is important to note that section 77–29–1 does not require a defendant to include case numbers in a DR. *See* Utah Code Ann. § 77–29–1 (2003). Further, Defendant's form letter did not require him to include all pending case numbers, but merely allowed for such numbers, "if known."

2. As noted by the trial court, "[i]t is reasonable to assume that most individuals who receive criminal charges are not astute in the law and therefore cannot be expected to know all the differing types and degrees of thefts that one could possibly be charged with."

*v. McCovey,* 803 P.2d 1234, 1236 (Utah 1990). Further, the only charges "pending against [him] in the 4th district court" stem from this incident. We therefore hold that Defendant adequately specified the "nature of the charge" under section 77–29–1(1).

¶ 5 The State also contends that, even if Defendant did adequately comply with section 77–29–1(1), the trial court abused its discretion in failing to hold that "good cause excused the delay." *State v. Hankerson,* 2005 UT 47, ¶¶ 4, 6, 122 P.3d 561 (quotations and citation omitted). Section 77–29–1(4) requires that after Defendant submits a proper DR, the court, upon motion, shall order the matter dismissed if the delay "is not supported by good cause." Utah Code Ann. § 77–29–1(4). The State urges that good cause existed because the delay resulted from Defendant's ambiguous request.

¶ 6 The trial court concluded that the "State's failure to make an adequate search of all [Defendant's] additional case numbers and files does not constitute 'good cause.'" The secretary who handled Defendant's DR, Beth Allen, testified that she knew of the office policy to examine all of a defendant's pending cases upon receiving a 120–day DR. When she received Defendant's DR, she searched only the case number Defendant provided on the form letter. When she discovered that Defendant had already been sentenced for that offense, she filed his DR without further examination. The court properly determined that if Defendant had already been sentenced for the earlier case, Allen should have assumed that there was another theft-related case pending. The trial court therefore did not abuse its discretion in holding that the State failed to establish good cause. *See Hankerson,* 2005 UT 47 at ¶¶ 4, 6, 122 P.3d 561.

¶ 7 Accordingly, we affirm.

¶ 8 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge and GREGORY K. ORME, Judge.