463 P.2d 565

**Bruce O. NEWTON, Plaintiff and Appellant,**

v.

**The STATE ROAD COMMISSION, Defendant and Respondent.**

**No. 11465.**

Supreme Court of Utah.

Jan. 6, 1970.

Paul Cotro-Manes and E. H. Frankhauser, of Cotro-Manes, Frankhauser & Beasley, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Gary A. Frank, Asst. Atty. Gen., Salt Lake City, for respondent.

CROCKETT, Chief Justice:

On a wintry December night about one a. m. the plaintiff, driving westward on 9th South in Salt Lake City toward its intersection with State Street collided with a state-owned truck. He sues to recover damages for his serious and permanent injuries resulting therefrom.[1] Upon a plenary trial to the court it found the issues against the plaintiff: that the defendant was not negligent, and that the plaintiff was guilty of contributory negligence which proximately caused the collision.

---

1. This action arose under the Utah Governmental Immunity Act, Chap. 139 S.L.U.1965 now Sections 63–30–1 through 63–30–34, inclusive, U.C.A.1953.

■ On this appeal plaintiff's basic contention is that the findings and judgment are contrary to the evidence. In support of this contention he urges in his brief that:

"* * * in cases such as the instant, wherein the trial judge entered a verdict and judgment of non-suit or no cause of action, the courts have uniformly held that in reviewing a judgment the evidence must be viewed in a light most favorable to the plaintiff."

This statement is correct in appropriate circumstances: that is, where the trial court rules that in spite of the best showing the plaintiff can make, he can in no event establish a right of recovery, which is in effect the granting of a non-suit.[2] However, where, as in this case, there has been a full trial of the issues and the court has made findings and entered judgment thereon the rule is otherwise. We then review the evidence and the reasonable inferences that may fairly be drawn therefrom in the light most favorable to the findings and judgment.[3]

The evidence is that the state truck was a large unit engaged in salting the streets. In addition to its headlights, it had some yellow warning lights, which were flashing, and a roto-beam amber light mounted on the cab, which was in operation. It came from the west on 9th South Street, stopped in obedience to the semaphore traffic control light which was red, and when the light turned green, proceeded into the intersection and made a left turn northward on State Street when it was struck by plaintiff's car coming from the east. Plaintiff says that he had worked late into the night on a real estate project, that he was driving westward on 9th South toward his home; that he was traveling at only about 15 to 17 m. p. h.; that he first saw the truck at the intersection when he was about 225 feet to the east; and that the next time he saw it, it was turning north and he was so close that it seemed to loom up as a gigantic object "fifty feet high and three hundred feet long" when impact was inevitable. The left front of his car struck the right front fender of the truck.

■ Upon the basis of the fact situation as just set forth it is plainly evident that there is a reasonable basis to justify the trial court in believing that if plaintiff had been keeping a proper look-out and his car under control he had ample opportunity to avoid colliding with defendant's truck; and that thus he was guilty of contributory negligence, which prevents his recovery.[4]

■ In connection with his argument that the findings are not in accord with the

---

2. Raymond v. Union Pac. R. Co., 113 Utah 26, 191 P.2d 137 (1948).
3. See Memmott v. U. S. Fuel Co., 22 Utah 2d 356, 453 P.2d 155; Smith v. Gallegos, 16 Utah 2d 344, 400 P.2d 570.

4. That contributory negligence bars recovery, see Hughes v. Hooper, 19 Utah 2d 389, 431 P.2d 983; and Memmott v. U. S. Fuel Co., Footnote 3 supra.

evidence, the plaintiff also argues that certain oral statements made by the trial court in discussing the evidence are inconsistent with the findings. On this point two observations are to be made: first we do not see them as being necessarily irreconcilable with his findings; and more importantly, the statements and observations of the trial court in discussing the evidence do not bind him, nor do they limit his prerogative of finally making up his mind, and they are superseded by the formal written findings and judgment.[5]

Affirmed. Costs to defendant (respondent).

CALLISTER, TUCKETT, HENRIOD, and ELLETT, JJ., concur.

---

5. McCollum v. Clothier, 121 Utah 311, 241 P.2d 468.