507 P.2d 1031

**Karen HAWKES et al., Plaintiffs and Appellants,**

v.

**STATE of Utah and Jimmie F. Burns, Defendants and Respondents.**

No. 13017.

Supreme Court of Utah.

March 19, 1973.

---

6. State v. Shonka, 3 Utah 2d 124, 127, 279 P.2d 711 (1955).

William H. Henderson, Mark S. Miner, Salt Lake City, for plaintiffs and appellants.

Merlin R. Lybbert, Worsley, Snow & Christensen, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

The plaintiffs filed these proceedings in the court below to recover damages for personal injuries sustained by them in an automobile collision. At the conclusion of the trial the jury returned a verdict of no cause of action against the plaintiffs, and the court entered a judgment on the verdict. Plaintiffs have brought the case here seeking a reversal.

The plaintiffs are here contending that the trial court erred in submitting the question of liability to the jury and that they were entitled to a ruling that the defendants were guilty of negligence as a matter of law and only the question of damages should have been submitted to the jury.

The accident out of which these proceedings arose occurred on July 3, 1969, on U. S. Highway No. 91 a short distance south of the intersection of the highway and Cudahy Lane. Jimmie F. Burns, an employee of the State of Utah, was driving an empty dump truck in a northerly direction on Highway 91 when at a point approximately 144 feet south of Cudahy Lane he intended to turn left to a cafe located on the west side of the highway. Burns proceeded in the northbound lane adjacent to the center line where he signaled his intention to turn left for some hundred feet and then stopped to permit southbound vehicles to clear. While Burns was waiting he observed a southbound blue van proceed through Cudahy Lane and the semaphore light at the intersection turn from green to amber and then to red. After the blue van passed the truck which Burns was operating, he proceeded to turn left and collided with a Ford automobile being operated by Douglas Allen Samuelsen and in which Karen Hawkes was a passenger. The collision occurred in the outside lane for southbound traffic. Neither driver observed the other vehicle until the moment of impact. After the collision, the vehicle in which the plaintiffs were riding left the roadway and proceeded into a parking lot where it collided with parked vehicles. The force of the collision caused the spare tire and a jack to be thrown from the trunk of the plaintiffs' automobile. The jack became impaled in the door of a parked camper and the spare tire left an imprint on the side of the camper.

After the accident, police officers made an investigation during which they made measurements of tire marks left on the

roadway and on the parking area, as well as the physical evidence, showing the movement of the parked vehicles after the plaintiffs' vehicle had collided with them. The data resulting from the investigation at the scene by the officers were recorded by them.

During the trial of the case the plaintiff Douglas Allen Samuelsen testified that just prior to the collision he was proceeding in a southerly direction on U. S. Highway 91 at a speed of about 25 miles per hour, and that as he was proceeding through the intersection of Cudahy Lane, the blue van referred to in the record passed him. The speed of the automobile being driven by Samuelsen was corroborated by the testimony of the plaintiff Karen Hawkes. The defendants called as an expert Frederick R. Wagner, who was a professor of mechanical engineering at the University of Utah, and who had had special training and experience in accident reconstruction, who testified that the speed of the plaintiffs' vehicle was in excess of 60 miles per hour immediately prior to the collision. Professor Wagner, in making his study and arriving at his conclusion, used the photographs and the data testified to by the investigating officers and delineated on the maps received in evidence. While the plaintiffs objected to the testimony of Professor Wagner, a survey of the record indicated there is no sound basis for the exclusion of the testimony.[1] The court in submitting the matter to the jury instructed the jury as to how they should weigh and consider the testimony of an expert, and also that the jury were free to disregard the testimony of the expert if the reasons given for it were unsound. The court properly and fully instructed the jury as to the laws applying to the operation of the vehicles involved in this matter and the duties of the respective drivers.

After a careful consideration of the record we must conclude that the verdict of the jury is supported by substantial evidence,[2] and we find no error in the trial of the cause which would justify a reversal. The decisions of the court below is affirmed. Respondents are entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. Batt v. State of Utah, 23 Utah 2d 417, 593 P.2d 855; Taylor v. Johnson, 18 Utah 2d 16, 414 P.2d 575.

2. Newton v. State Road Comm., 23 Utah 2d 350, 483 P.2d 565.