The STATE of Utah, Plaintiff and Respondent,

v.

David GERRARD, Defendant and Appellant.

No. 15580.

Supreme Court of Utah.

Sept. 14, 1978.

Salt Lake Legal Defenders Ass'n, Brad P. Rich, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul VanDam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

The appellant was charged with the crime of rape pursuant to U.C.A., 1953, 76-5-402. He entered a plea of guilty and when he appeared for sentencing, the trial court stated that it would refer the matter to the Board of Corrections for a ninety-day evaluation. The appellant then attempted to escape from the courtroom. When he was apprehended, the court recalled both appellant and his counsel on that same day and rescinded its previous recommendation for the ninety-day evaluation. The court then proceeded to sentence appellant to the Utah State Prison for a term of one to fifteen years.

Appellant now appeals seeking a reversal of the sentence and a remand for the purpose of referral to the Board of Corrections as originally recommended. The appellant does not challenge the term of sentence as such but objects to the sentencing procedure itself, claiming that the trial court abused its discretion by rescinding its previous recommendation for a sentence evaluation.

The sentencing procedures, including the use of an evaluation, are clearly discretionary with the trial court. U.C.A., 1953, 76-3-404, provides in pertinent part the following:

> (1) In felony cases where the court is of the opinion that imprisonment may be appropriate but desires more detailed information as a basis . . . *the court may, in its discretion,* commit a convicted defendant to the custody of the division of corrections for a period not exceeding ninety days . . . [Emphasis added.]

Not only does the court have discretion in deciding whether or not to order a sentence evaluation, but it is important to note that the recommendation of the court was never committed to a formal order. It is the sentence itself which constitutes a final judgment from which appellant has the right to appeal. Thus, prior statements made from the bench are not the judgment of the case and, therefore, are not appealable.

In *People v. Boyce*[1] the court held that where prior to pronouncement of judgment, an order of probation was revoked, that such an order, being made before judgment was rendered, was not appealable. This is analogous to the case at hand. Here, the court stated its inclination to defer the judgment until after an evaluation report could be submitted; however, he changed his mind and proceeded to enter the judgment and to pronounce sentence. Only the judgment itself is subject to appeal and all incidents, impressions, or statements made by the court prior to that judgment are precluded.

1. 99 Cal.App.2d 439, 221 P.2d 1011 (1950).

While we have not found a Utah criminal case dealing with this specific issue, the law is well settled in the state that the statements made by a trial judge are not the judgment of the case and it is only the signed judgment that prevails. The case of *McCollum v. Clothier*[2] is illustrative. There, the judge, at the close of the evidence, stated that it was his opinion that the plaintiff had failed to make a case. When proposed findings, conclusions, and judgment were presented to the court, the judge stated that he had concluded that he was in error and that plaintiff should recover. The defendant appealed the ruling, and at page 320 of the Utah Report, at page 472 of the Pacific Report this Court said:

> The fact that the trial court changed his mind and entered a judgment contrary to his orally announced decision at the time the case was submitted, cannot be the basis for over-turning the judgment. The only judgment that can be given effect is the one entered in accordance with law.

> \*   \*   \*   \*   \*   \*

> Oral statements of opinion by the trial court inconsistent with the findings and conclusions ultimately rendered do not affect the final judgment. [Citations omitted.]

Whether or not the judge elects to order an evaluation before passing sentence is clearly within his discretion, based on his own judgment of the case before him. In *Hicklin v. State*[3] the defendant entered a plea of nolo contendere. He appealed, claiming in part that the trial court's sentence was based on an unreasonable interpretation of circumstances that existed at the prior hearings. The Supreme Court there dealt with the effect of sentencing procedures on the subsequent judgment by stating:

> . . . a judgment in a criminal case will not be disturbed because of sentencing procedures unless there is a showing of an abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. . . .[4]

■ Before this Court will overturn the sentence given by the trial court, it must be clear that the actions of the judge were so inherently unfair as to constitute abuse of discretion. To do otherwise would have a chilling effect on the trial court which has the main responsibility for sentencing and which attempts to arrive at a proper sentence based on the facts and law before it.[5]

In *State v. Harris*[6] the court there said that the exercise of discretion in sentencing necessarily reflects the personal judgment of the court and the appellate court can properly find abuse only if it can be said that no reasonable man would take the view adopted by the trial court. We cannot say that such is the situation here. In the instant matter the court granted a sentence evaluation based on the appellant's plea that he, in good faith, wanted to be rehabilitated in order to have an opportunity to support the family with whom he was living. A reasonable man could well have believed that appellant's attempt to escape negated his previous statements and that a further evaluation would be futile.

■ Whether or not the trial judge changed his mind due to the conduct of the defendant or to other reasons is not our concern. The sentence imposed in the instant matter was the proper statutory penalty for the offense of rape in the second degree,[7] and this Court will not reverse or modify a sentence prescribed by law unless it is clearly excessive or unless the trial

2. 121 Utah 311, 241 P.2d 468 (1952); see also, *Newton v. State Road Comm.*, 23 Utah 2d 350, 353, 463 P.2d 565 (1970).

3. 535 P.2d 743 (Wyo.1975).

4. Id. at 751.

5. *Keller v. State,* 543 P.2d 1211 (Alaska 1975).

6. 10 Wash.App. 509, 518 P.2d 237 (1974).

7. U.C.A., 1953, 76–3–203.

court abused its discretion.[8] We find nothing in the circumstances here to warrant either exception, nor do we find that appellant suffered undue prejudice because of the sentence imposed.

The ninety-day evaluation in issue before us was not a judgment of the court; it was within the complete discretion of the judge to grant the evaluation and before being reduced to judgment, was rescinded. That decision was also within the proper discretion of the trial court.

Judgment affirmed. No costs are awarded.

CROCKETT, WILKINS and HALL, JJ., concur.

MAUGHAN, Justice (dissenting):

For the following reasons, I dissent.

Defendant entered a plea of guilty to the crime of rape before the district court judge, who directed defendant to the board of corrections for a ninety-day evaluation. Shortly thereafter, defendant attempted to escape from the courtroom. The judge recalled the defendant to appear before him the afternoon of the same day, rescinded his order for the ninety-day evaluation, and sentenced defendant to prison for a term of one to fifteen years. On appeal, defendant urges the judge below abused his discretion in rescinding the evaluation order. We should reverse and remand. All statutory references are to Utah Code Annotated, 1953, as amended.

In referring defendant originally to the division of corrections for the ninety day evaluation, the judge acted pursuant to section 76–3–404, which in relevant part provides:

(1) In felony cases where the court is of the opinion that imprisonment may be appropriate but desires more detailed information as a basis for determining the sentence to be imposed than has been provided by the pre-sentence report, *the court may, in its discretion,* commit a convicted defendant to the custody of the division of corrections for a period not exceeding ninety days. *The division of corrections shall conduct a complete study of the defendant during that time, inquiring into such matters as the defendant's previous delinquency or criminal experience, his social background, his capabilities, his mental, emotional and physical health, and the rehabilitative resources or programs which may be available to suit his needs.* By the expiration of the period of commitment, or by the expiration of the additional time as the court shall grant, not exceeding a further period of ninety days, the defendant shall be returned to the court for sentencing, and the court, prosecutor, and the defendant or his attorney shall be provided with a written report of results of the study, including whatever recommendations the division of corrections believes will be helpful to a proper resolution of the case. After receiving the report and recommendations, the court shall proceed to sentence a defendant in accordance with the sentencing alternatives provided under section 76–3–201. [Emphasis added.]

The purpose of this section is to provide the judge with more intimate information, concerning the particular defendant before him. Thus to enable him to appropriately exercise his discretion in sentencing.

Defendant concedes the judge has discretion under the statute to refuse to order the ninety-day evaluation, but contends the judge abused his discretion by rescinding this order. Defendant states his actions in the courtroom subsequent to the order for a ninety-day evaluation should not be a basis for depriving him of an evaluation as to the appropriateness of imprisonment for the offense to which he pled guilty. He claims the judge's actions were based on personal emotion and contempt for defendant.

When the judge rescinded the order of evaluation, he informed defendant that he committed the two additional crimes of attempted escape and contempt of court, and

8. See: *State v. Pickard,* 105 Ariz. 219, 462 P.2d 87 (1969); *People v. Strong,* 544 P.2d 966 (Colo.1976); *State v. Hawk,* 97 Idaho 1, 539 P.2d 553 (1975).

that he would instruct the county attorney to file a complaint for attempted escape. Defendant was not given an opportunity to explain his actions, and was sentenced to the Utah State Prison.

In *Spann v. People,*[1] the Colorado Supreme Court stated:

> Judicial discretion is not personal discretion. All judicial power is held in trust for the people, having been delegated by them through the constitution. . . .
> Judicial discretion cannot be distorted to camouflage or insulate from appellate review a decision based on the judge's personal caprice, hostility or prejudice.

The Idaho Supreme Court has held:

> The granting or withholding of probation rests entirely within the discretion of the trial court. [Citation.] If the exercise of that discretion is based upon reason rather than emotion, it will not be disturbed by this Court.[2]

In this case, the judge ordered a ninety-day evaluation; the purpose was to assist him in determining a proper sentence for the crime to which defendant pled guilty. Although the judge was not required to order the evaluation in the first place, he was not free arbitrarily to revoke the order without good reasons for so doing. Defendant's attempt to escape did not negate the reasons for the original order of evaluation, and no valid reason appears in the record justifying the revocation of the order. By informing defendant the county attorney would file a complaint for attempted escape, the judge reasonably reacted to defendant's acts; however, the revocation of the evaluation order was unwarranted, and was an abuse of his discretion.

The case should be remanded with instructions to enter an order referring defendant to the board of corrections for a ninety-day evaluation.

1. 561 P.2d 1268, 1269 (Colo.1977).

2. *State v. Cornwall,* 95 Idaho 680, 518 P.2d 863, 867 (1974).