**STATE of Utah, Plaintiff and Appellee,**

v.

**GENTLEWIND, a/k/a James E. Peiffer, Defendant and Appellant.**

**No. 920642–CA.**

Court of Appeals of Utah.

Dec. 14, 1992.

J. Bryan Jackson, Cedar City, for appellant.

R. Paul Van Dam, State Atty. Gen. and Kenneth A. Bronston, Asst. Atty. Gen., Salt Lake City, for appellee.

Before BILLINGS, GARFF and GREENWOOD, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

Defendant James E. Peiffer, a/k/a Gentlewind, appeals from the imposition of a fifteen year minimum mandatory prison term following a guilty plea to the offense of rape of a child, a first degree felony, in violation of Utah Code Ann. § 76–5–402.1 (1990). We affirm.

The victim, D.W., met defendant when she was between seven and nine years old. Her mother was having marital problems and defendant acted as a marriage counselor for the couple. D.W.'s mother would occasionally take her to stay overnight at defendant's apartment. On these occasions, defendant touched D.W. in a sexual

manner and took baths with her. D.W.'s mother eventually divorced her husband and married defendant. Defendant continued to touch D.W. sexually after his marriage to D.W.'s mother.

Defendant and D.W. first had vaginal intercourse on or about July 2, 1986, D.W.'s twelfth birthday. D.W. estimated that she and defendant had vaginal intercourse more than fifty times and possibly as many as one hundred times in 1986 and 1987. In addition, D.W. testified she and defendant engaged in oral sex many times, starting when D.W. was approximately eight years old. D.W. also testified she and defendant engaged in anal intercourse on at least two occasions in 1987, and she bled the first time.

D.W. testified about activities orchestrated by defendant which she later learned were called "orgies." D.W. recalled instances where she, her mother, defendant, defendant's other purported wives, D.W.'s younger half-brother, and D.W.'s younger half-sister together engaged in sexual activities. D.W. described an incident where her younger half-brother engaged in sexual acts with his mother and with two other women. D.W. also saw defendant masturbate her four-year-old half-sister and attempt oral sex with her.

Defendant admitted having intercourse with D.W. as many as fifty times in a thirteen month period. However, defendant denied engaging in sexual activity with any other children. He also denied arranging family orgies.

During the summer of 1991, D.W. "broke down" and told her grandmother about her abuse. D.W. has been in counselling since that time and feels she still suffers from severe psychological problems as a result of the abuse. D.W. was diagnosed by her therapist as experiencing Post Traumatic Stress Disorder and is in intensive therapy which will need to continue for at least two years.

Defendant was charged with two counts of rape of a child, first degree felonies, in violation of Utah Code Ann. § 76–5–402.1 (1990), based on his continued course of sexual conduct with D.W. Defendant pled guilty to one count and the second count was dismissed pursuant to defendant's plea bargain.

At defendant's request, sentencing was postponed to allow the court to consider whether defendant was eligible for probation under Utah Code Ann. § 76–5–406.5 (Supp.1992). At the sentencing hearing, defendant requested a ninety-day diagnostic evaluation to help the court assess his eligibility for probation. The court denied the requested evaluation.

Based on the testimony of defendant and D.W., a letter from D.W.'s therapist, and a presentence report, the trial court found defendant failed to prove his eligibility for probation by a preponderance of the evidence, as required under section 76–5–406.-5(4). The trial court stated that even if defendant had satisfied all the criteria set forth in section 76–5–406.5(1), the court would exercise its discretion to deny probation based on the nature, frequency, and duration of the conduct which the court considered of an extremely depraved nature. After weighing the aggravating and mitigating circumstances, the trial court sentenced defendant to fifteen years to life in the Utah State Prison, the most severe minimum mandatory sentence. This appeal followed.

Defendant argues on appeal: (1) the court abused its discretion in denying him a ninety-day diagnostic evaluation before sentencing, (2) the court's factual findings as to his qualifying for probation under Utah Code section 76–5–406.5 were clearly erroneous, and (3) the court abused its discretion in sentencing defendant to the severest minimum mandatory sentence for child rape under Utah Code Ann. § 76–3–201 (Supp.1992).

## I. DENIAL OF NINETY-DAY EVALUATION

■ As a threshold matter, defendant argues the trial court abused its discretion in refusing to order a ninety-day diagnostic evaluation before sentencing him. It is within the sound discretion of the judge whether a ninety-day evaluation is neces-

sary. Utah Code Ann. § 76–3–404(1)(a)(i) (Supp.1992); *State v. Gerrard,* 584 P.2d 885, 886 (Utah 1978).

"[T]he ninety-day evaluation which a judge may request pursuant to section 76–3–404[1] is 'a tool available to a sentencing judge, if he "desires more detailed information as a basis for determining the sentence to be imposed." ' " *State v. Brown,* 771 P.2d 1067, 1067–68 (Utah 1989) (quoting *State v. Carson,* 597 P.2d 862, 864 (Utah 1979)) (quoting Utah Code § 76–3–404(1)(a)(i) (1953)) (holding trial court did not err in denying defendant's motion for ninety-day diagnostic evaluation prior to sentencing after defendant pled guilty to rape of a child because court had sufficient background information).

■ The law does not compel a trial court to order a ninety-day evaluation merely "because it would have given the judge more information on which to base the sentence." *Id.* at 1067. The proper inquiry is whether the court is "sufficiently apprised of the pertinent background facts concerning the defendant." *Id.* at 1068.

At the sentencing hearing defendant requested a ninety-day diagnostic evaluation to assist the court in determining whether he complied with items (h), (i), (j), and (k) of section 76–5–406.5(1). We agree with the trial court that there was no reason to order a ninety-day evaluation to make this determination. The court had sufficient facts on which to make a determination on its own. The court considered the testimony of defendant, the testimony of D.W., the presentence report, and a letter from D.W.'s therapist. The ninety-day evaluation would not have contributed to the determination that D.W. suffered severe psychological harm. The court found that D.W. suffered severe psychological harm, a finding we affirm. Therefore, since defendant did not qualify for section 76–5–406.5, the ninety-day evaluation would have been of no assistance. In sum, the trial court did not abuse its discretion in failing to order the evaluation.

## II. SECTION 76–5–406.5

### A. Standard of Review

Next, defendant contends the trial court's findings that he did not meet the statutory qualifications for probation under Utah Code Ann. § 76–5–406.5 (Supp.1992) were clearly erroneous and the court thus abused its discretion in its imposition of sentence.

■ We "will set aside a sentence imposed by the trial court if the sentence represents an abuse of discretion, if the trial judge fails to consider all legally relevant factors, or if the sentence imposed exceeds the limits prescribed by law." *State v. Gibbons,* 779 P.2d 1133, 1135 (Utah 1989) (citations omitted). An abuse of discretion occurs only when it is " 'clear that the actions of the judge were ... *inherently unfair.*' " *State v. Rhodes,* 818 P.2d 1048, 1051 (Utah App.1991) (quoting *State v. Gerrard,* 584 P.2d 885, 887 (Utah 1978)).

■ Furthermore, we will not reverse a trial court's findings underlying its decision unless they are clearly erroneous. *State v. Bell,* 785 P.2d 390, 394 (Utah 1989). When challenging a trial court's factual findings, "the appellant must marshal all of the evidence in support of the trial court's findings of fact and then demonstrate that the evidence, including all reasonable inferences drawn therefrom, is insufficient to support the findings against an attack." *State v. Moosman,* 794 P.2d 474, 475–76 (Utah 1990).

### B. The Incest Exception

■ Conviction for rape of a child under Utah Code Ann. § 76–5–402.1 (1990) re-

---

1. The statute provides:
 In felony cases where the court is of the opinion imprisonment may be appropriate but desires more detailed information as a basis for determining the sentence to be imposed than has been provided by the presentence report, *the court may in its discretion* commit a convicted defendant to the custody of the Department of Corrections for a diagnostic evaluation for a period not exceeding 90 days.
 Utah Code Ann. § 76–3–404(1)(a)(i) (Supp.1992) (emphasis added).

quires the imposition of a minimum mandatory term of five, ten or fifteen years. However, section 76–5–406.5, commonly known as the incest exception, provides a court with the discretion to avoid a minimum mandatory term in strictly limited circumstances. Defendant contends the trial court abused its discretion in concluding he did not qualify for the incest exception.

Under the statutory scheme of section 76–5–406.5, a defendant convicted of a sexual crime against a child can receive probation or reduction of the minimum mandatory sentence only if he or she satisfies by a preponderance of the evidence all the enumerated requirements of section 76–5–406.5(1).[2] *Gibbons,* 779 P.2d at 1136.

Importantly, even the establishment of all the section 76–5–406.5(1) criteria by a preponderance of the evidence does not compel a trial court to grant probation. Section 76–5–406.5(3) gives the court "discretion to deny the request based on its consideration of the circumstances of the offense" and impose the minimum mandatory sentence. *See Gibbons,* 779 P.2d at 1136.

The trial court found defendant failed to prove by a preponderance of the evidence he met the requirements of subsections (b),

(d), and (k) of section 76–5–406.5(1). Based upon the record before us, we cannot say the trial court's findings that defendant did not meet these statutory qualifications were clearly erroneous.[3]

First, there is ample evidence to support the trial court's finding that the victim suffered severe psychological harm from defendant's conduct and thus defendant did not satisfy section 76–5–406.5(1)(b). The victim testified she had been psychologically harmed by defendant's conduct and that she still suffers from severe psychological problems as a result of the abuse. Indeed, on two occasions at his sentencing hearing defendant himself admitted D.W. had been traumatized by his conduct.

Furthermore, the victim's therapist stated in a letter to the trial court that D.W. suffers difficulties from a Post Traumatic Stress Disorder which originated from the sexual abuse she experienced with her step-father. The therapist also stated that D.W. "continues to experience significant disturbance in her identity, confidence and sexual adjustment relating to her abuse." The trial court's finding that D.W. "was caused severe psychological harm at a minimum" from the ongoing abuse of her step-father is supported by the evidence.[4]

---

**2.** The requirements are that defendant:
 (a) did not use a weapon, force or violence;
 (b) did not cause the child victim bodily injury or severe psychological harm;
 (c) had no prior convictions for sexual misconduct;
 (d) did not commit offense against more than one child victim;
 (e) did not use or create pornography;
 (f) did not act in concert with another offender or commit the offense in the presence of another;
 (g) did not encourage or benefit from any act of prostitution by the child victim;
 (h) admits the offense and has been accepted for mental health treatment in an approved treatment center;
 (i) may likely be rehabilitated through treatment;
 (j) has undergone a psychological evaluation by an approved professional, is not an exclusive pedophile and presents no danger to the community if released on probation;
 (k) if defendant is a parent or stepparent of the child victim, he or she shall establish it is in the child's best interest defendant not be imprisoned.

**3.** Because defendant failed to marshal the evidence to support the court's findings, we need not have even reached the merits of defendant's arguments. *Moosman,* 794 P.2d at 475–76.

**4.** Defendant's failure to meet subsection (b) of Utah Code section 76–5–406.5(1) eliminates his eligibility for probation under that section. Therefore, we do not even consider whether defendant met any of the other section 76–5–406.5(1) subsections.

Furthermore, the trial court stated that even if defendant had been able to demonstrate by a preponderance of the evidence his eligibility under all the criteria of section 76–5–406.5(1), the court would have exercised its discretion under section 76–5–406.5(3) to deny probation because "the nature of the Defendant's crime, the duration of sexual offenses, and the frequency of criminal sexual acts committed against the child victim involved would not support any alternative but that of incarceration at the Utah State Prison." Defendant challenges this ruling on appeal. We do not reach this issue because

*See* Utah Code Ann. § 76–5–406.5(1) (Supp. 1992).

## III. FIFTEEN YEAR MINIMUM MANDATORY TERM

Finally, defendant argues the trial court abused its discretion in sentencing him to fifteen years to life in the Utah State Prison, the most severe minimum mandatory sentence for child rape.

Utah law provides: "If a statute under which defendant was convicted mandates that one of three stated minimum terms shall be imposed, the court shall order imposition of the term of middle severity unless there are circumstances in aggravation or mitigation of the crime." Utah Code Ann. § 76–3–201(5) (Supp.1992). Under this statutory directive, a trial court is required to "(1) identify the mitigating and aggravating circumstances and (2) state the reasons for whichever minimum mandatory sentence is imposed." *Gibbons,* 779 P.2d at 1137. "This discretion is not to be surrendered to a mathematical formula by which numbers of circumstances rather than weight of the circumstances are determinative. The overriding consideration is that the sentence be just. One factor in mitigation or aggravation may weigh more than several factors on the opposite scale." *State v. Russell,* 791 P.2d 188, 192 (Utah 1990).

 In the present case, the trial court identified the following as aggravating circumstances: (1) the repetitive and prolonged conduct of sexual offenses against this child victim by defendant, (2) the child victim in this case was particularly vulnerable, (3) defendant's conduct in this case was particularly depraved, (4) defendant committed sexual crimes against multiple child victims, (5) the sexual crimes committed against the child victim by defendant were particularly intense and frequent and continued for a long period, (6) the child victim was traumatized and physically injured by defendant's acts, and (7) there is a strong likelihood of re-offending because defen-

dant believed his acts to be justified on religious grounds.[5]

As mitigating circumstances, the trial court listed: (1) defendant expressed remorse, (2) defendant wants treatment, and (3) defendant wants to help the child victim.

The trial court clearly weighed the aggravating and mitigating circumstances pursuant to section 76–3–201(5). After balancing the aggravating and the mitigating factors, the court found the mitigating factors "substantially outweighed" the mitigating factors in this case. The trial judge followed the procedural guidelines of section 76–3–201, and the sentence did not exceed that prescribed by law. Therefore, the court did not abuse its discretion by imposing the maximum sentence.

## IV. CONCLUSION

We conclude the trial court did not abuse its discretion in sentencing defendant. First, the trial court properly exercised its discretion when denying defendant's request for a ninety-day diagnostic evaluation. Second, the record reveals that defendant failed to establish by a preponderance of the evidence he qualified for a reduced penalty under Utah Code section 76–5–406.5(1). Thus, defendant was properly sentenced under section 76–5–402.1. Third, the trial court properly weighed the aggravating and mitigating circumstances in sentencing defendant to the most severe minimum mandatory sentence. Therefore, we affirm defendant's sentence.

GARFF and GREENWOOD, JJ., concur.

we have affirmed the trial court's conclusion that defendant did not meet the statutory requirements of section 76–5–406.5(1).

**5.** Defendant challenges the aggravating circumstances found by the court as without basis in

the evidence. However, we find his challenge without merit and thus do not consider it on appeal.