2002 UT App 119

**STATE of Utah, Plaintiff and Appellee,**

v.

**Jose Manuel RODRIGUEZ, Defendant and Appellant.**

No. 20010221–CA.

Court of Appeals of Utah.

April 18, 2002.

Bryan Sidwell, Delta, for Appellant.

Mark L. Shurtleff, Attorney General and Karen A. Klucznik, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges JACKSON, BENCH, and GREENWOOD.

## OPINION

JACKSON, Presiding Judge:

¶ 1 Defendant Jose Manuel Rodriguez appeals his sentence of six years to life without probation, arguing that he was denied equal protection because the trial court denied him probation solely due to his status as a deportable alien. We affirm.

## BACKGROUND

¶ 2 On June 8, 2000, Defendant pleaded guilty to three counts of Rape of a Child, a first degree felony, under Utah Code Ann. § 76–5–402.1 (1999). He was subsequently sentenced to a minimum mandatory term of six years to life for each count, with the sentences to be served concurrently. At sentencing, the trial court found that Defendant failed to comply with the terms of Utah Code Ann. § 76–5–406.5 (1999) (Probation Statute). This statute allows a sentencing court to consider probation for a defendant convicted under section 76–5–402.1 only where the defendant complies with the terms of the statute. The court also "reject[ed Defendant's] argument that he ought to be placed on probation" because of his status as a deportable alien, and because it knew "of no way

that he can be monitored internationally on probation." Defendant appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 3 "The decision to grant or deny probation is at the discretion of the trial court, and we review it under an abuse of discretion standard." *State v. Chapoose,* 1999 UT 83, ¶ 6, 985 P.2d 915 (citing Utah Code Ann. § 76–5–406.5(1), (4) (Supp.1998)). However, we will not reverse the trial court's underlying finding that Defendant failed to meet the Probation Statute's requirements unless it is clearly erroneous. *See State v. Gentlewind,* 844 P.2d 372, 375 (Utah Ct.App. 1992).

¶ 4 Defendant challenges the trial court's ruling that denies him probation. He argues that the trial court unconstitutionally based its decision on his status as a deportable alien.[1] However, " '[a] constitutional question is not to be reached if the merits of the case in hand may be fairly determined on other than constitutional issues.' " *State v. Webster,* 2001 UT App 238, ¶ 30 n. 8, 32 P.3d 976 (quoting *Hoyle v. Monson,* 606 P.2d 240, 242 (Utah 1980)). Thus, because we conclude that Defendant failed to satisfy the requirements of the Probation Statute, we need not reach his constitutional argument.

## ANALYSIS

¶ 5 Regarding the Probation Statute we noted in *State v. Tryba,* that

"the court may suspend execution of sentence and consider probation to a residential sexual abuse treatment center only if *all* of the following circumstances are found." [Utah Code Ann. § 76–5–406.5 (1999).] The statute then lists a dozen requirements, ... each of which the "defendant has the burden to establish by a preponderance of evidence." These twelve requirements are in the conjunctive, meaning if any one of the requirements is not established by a preponderance of evidence, probation is not an option. Of course, "even the establishment of all the section 76–5–406.5(1) criteria by a prepon-

1. "Classifications which have been deemed 'suspect' for purposes of equal protection analysis include those based upon alienage...." *State v. Bell,* 785 P.2d 390, 398 (Utah 1989).

derance of the evidence does not compel a trial court to grant probation. Section 76–5–406.5[ (4) ] gives the court 'discretion to deny the request based on its consideration of the circumstances of the offense' and impose the minimum mandatory sentence."

*State v. Tryba,* 2000 UT App 230,¶ 12, 8 P.3d 274 (first citation included, others omitted).

 ¶ 6 Defendant argues that he "met all the criteria required by" the Probation Statute, including the requirement that he "has been accepted for mental health treatment in a residential sexual abuse treatment center that has been approved by the Department of Corrections." Utah Code Ann. § 76–5–406.5(1)(h). "Because a defendant has the burden of meeting all twelve requirements of section 76–5–406.5(1), we need not review all the criteria for eligibility if our inquiry reveals that any single requirement is not satisfied." *Tryba,* 2000 UT App 230 at ¶ 13, 8 P.3d 274,. Defendant must establish that he met this burden by a preponderance of the evidence. *See id.* at ¶ 12.

¶ 7 At sentencing, the trial court stated, "I'm going to make a determination at the threshold, that [Defendant] cannot comply with the mandated terms of the statute.... I have to make that decision, in light of the facts that I have."[2] The court then concluded, "[I]n light of that, probation is not an option."

¶ 8 As Defendant's only record support for his contention that he met the residential treatment requirement, Defendant cites to Adult Probation and Parole's report, which states that he "has been accepted for treatment." However, he omits the rest of the report's comment. The report states, "This Defendant has admitted to this offense and has been accepted for treatment, *but not in a residential program.*" (Emphasis added.)

By selectively omitting this language, Defendant misstates the evidence.

 ¶ 9 Our review of the record reveals no evidence that would support a candid assertion that Defendant met the requirement that he be admitted into a residential treatment program. "[I]ncarceration for child sex abusers is the expectation, and failure to meet all the requirements of the narrow probation exception, *regardless of the reason for the failure,* means probation cannot even be considered by the trial court."[3] *Tryba,* 2000 UT App 230 at ¶ 21, 8 P.3d 274 (emphasis added). As a result, Defendant failed to meet his burden of showing he met the statutory requirements by a preponderance of the evidence. Thus, the trial court's finding that Defendant failed to meet the requirements of the Probation Statute was not clearly erroneous. Accordingly, the trial court did not abuse its discretion, but "correctly concluded [Defendant] was ineligible for probation under Utah Code Ann. § 76–5–406.5 (1999)." *Id.* at ¶ 23.

## CONCLUSION

¶ 10 Defendant failed to show the trial court's finding that he did not comply with the Probation Statute was clearly erroneous. Thus, the court correctly concluded that Defendant was ineligible for probation. Accordingly, we affirm.

¶ 11 WE CONCUR: RUSSELL W. BENCH and PAMELA T. GREENWOOD, Judges.

---

2. We have previously characterized this determination as a finding of fact. *See State v. Gentlewind,* 844 P.2d 372, 376 & n. 3 (Utah Ct.App. 1992). Thus, Defendant challenges the trial court's finding that he did not meet the necessary criteria, and he is obligated to marshal the evidence supporting the trial court's finding. *See id.* at 375. We note that Defendant failed to marshal the evidence and inferences relating to Adult Probation and Parole's report that he had

not "been accepted for mental health treatment in a *residential* sexual abuse treatment center." Utah Code Ann. § 76–5–406.5(1)(h) (1999) (emphasis added).

3. Thus, even if Defendant was not accepted into residential treatment due to his deportation status, he cannot be said to have complied with the Probation Statute.