2007 UT App 342

**STATE of Utah, Plaintiff and Appellee,**

v.

**Thomas J. OFFERMAN, Defendant and Appellant.**

No. 20060108–CA.

Court of Appeals of Utah.

Oct. 18, 2007.

---

Linda M. Jones, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Marian Decker, asst. atty. gen., Salt Lake City, for Appellee.

Before Judges BENCH, P.J., McHUGH and THORNE, JJ.

## OPINION

THORNE, Judge:

¶ 1 Defendant Thomas J. Offerman, convicted by a jury of two first degree felony counts of aggravated sexual abuse of a child, appeals his sentence to two concurrent prison terms of five years to life. Defendant argues that the trial court erred in concluding that he was ineligible for probation under Utah Code section 76–5–406.5. *See* Utah Code Ann. § 76–5–406.5 (2003). We affirm.

## BACKGROUND

¶ 2 On July 29, 2005, a jury found Defendant guilty of two counts of aggravated sexual abuse of a child, in violation of Utah Code section 76–5–404.1(4). *See id.* § 76–5–404.1(4) (2003). Thereafter, the trial court ordered Defendant to prison for a diagnostic evaluation.[1] On December 12, 2005, the trial court held a sentencing hearing, and Defendant called Matthew Davies—a licensed psychologist who had recently begun treating M.O., the child victim—to testify relative to various requirements under the probation statute.[2] During the hearing, the trial court expressed its concerns about various statutory requirements. Near the end of the hearing, defense counsel requested a continuance to allow additional witness testimony to address the trial court's concerns. The trial court granted the request and rescheduled the sentencing hearing.

¶ 3 On January 13, 2006, the trial court held a subsequent sentencing hearing wherein Defendant called three witnesses—a psychologist and two probation officers. After hearing testimony from Defendant's witnesses and the conclusion of counsels' arguments, the trial court ruled Defendant did not establish by a preponderance of the evidence three of the probation eligibility requirements under section 76–5–406.5, and that therefore the only sentencing option was prison. Specifically, the trial court ruled that Defendant had failed to meet his burden under subsection (1)(b) because he did not provide sufficient evidence to establish that he did not cause M.O. severe psychological harm; Defendant failed to establish that his rehabilitation through treatment was probable as required by subsection (1)(i); and that Defendant failed to meet his burden under

---

1. Pursuant to Utah Code section 76–3–404, the trial court may order a ninety-day diagnostic evaluation to obtain information that will assist it in the sentencing determination. *See* Utah Code Ann. § 76–3–404 (2003).

2. Davies testified that he had seen M.O. about five or six times.

subsection (1)(k) because (1) Davies was not treating M.O.'s family as a whole and (2) Davies did not testify that it was in M.O.'s best interest that Defendant not be imprisoned. *See id.* § 76–5–406.5.

¶ 4 The trial court sentenced Defendant on each count of aggravated sexual abuse of a child for five years to life in the State penitentiary, the sentences to run concurrently with each other. Defendant now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5 Ordinarily, a sentence will not be overturned on appeal unless the trial court has exceeded its discretion. *See State v. Elm,* 808 P.2d 1097, 1099 (Utah 1991). However, Defendant does not assert that his sentence exceeds statutory or constitutional limits; rather, Defendant challenges the trial court's ruling that he failed to meet three of the probation statute's requirements. "[W]e will not reverse the trial court's underlying finding that Defendant failed to meet the [p]robation [s]tatute's requirements unless it is clearly erroneous." *State v. Rodriguez,* 2002 UT App 119, ¶ 3, 46 P.3d 767.

## ANALYSIS

¶ 6 Defendant argues that the trial court erred in ruling that he failed to establish three of the twelve requirements for probation eligibility under Utah Code section 76–5–406.5. *See* Utah Code Ann. § 76–5–406.5 (2003). Defendant asserts that the evidence provided at sentencing demonstrates that Defendant did not cause severe psychological harm to M.O., that his probation is in M.O.'s best interest, and that the record supports Defendant's assertion that his rehabilitation through treatment is probable.

¶ 7 The probation statute offers a limited exception to the mandatory prison sentence usually applicable for the offense of aggravated sexual abuse of a child. *See id.* § 76–5–404.1 (2003) ("Aggravated sexual abuse of a child is a first degree felony punishable by imprisonment for an indeterminate term of

---

**3.** We note that the statute was recently amended, effective April 30, 2007, substituting "a term of imprisonment of" for "imprisonment for an indeterminate term of not less than five years and which may be for life" and adding subsections

---

not less than five years and which may be for life.") [3]; *State v. Tryba,* 2000 UT App 230, ¶ 11, 8 P.3d 274. Imprisonment is mandatory, absent qualification per statute coupled with a discretionary decision of the trial judge, in accordance with section 76–3–406. *See* Utah Code Ann. § 76–5–404.1. The probation statute allows a sentencing court to suspend execution of a sentence for aggravated sexual abuse of a child and consider probation to a residential sexual abuse treatment center only if the convicted child sex offender establishes probation eligibility. To establish probation eligibility, a defendant must meet by a preponderance of evidence all twelve requirements of the probation statute. *See id.* § 76–5–406.5(1), (5). The probation statute "applies in comparatively rare situations, when a defendant corresponds perfectly to an intentionally large number of tightly fitted hoops—all designed to avoid compounding the harm already suffered while protecting the victim from further abuse." *Tryba,* 2000 UT App 230, ¶ 17, 8 P.3d 274 (internal quotation marks omitted). The eligibility requirements at issue in this case are as follows:

> (b) the defendant did not cause bodily injury to the child victim during or as a result of the offense and did not cause the child victim severe psychological harm;
>
> . . . .
>
> (i) rehabilitation of the defendant through treatment is probable, based upon evidence provided by a treatment professional who has been approved by the Department of Corrections and the Department of Human Services . . . and who has accepted the defendant for treatment;
>
> . . . .
>
> (k) if the offense is committed by a parent, stepparent, adoptive parent, or legal guardian of the child victim, the defendant shall, . . . establish it is in the child victim's best interest that the defendant not be imprisoned by presenting evidence provided by a treatment professional who:

---

(a) through (c). However, the amended statute was not in effect when the charged incidents occurred and does not change the mandatory imprisonment nature of the sentencing issue at hand.

(i) is treating the child victim and understands he will be treating the family as a whole; or

(ii) has assessed the child victim for purposes of treatment as ordered by the court based on a showing of good cause

. . . .

Utah Code Ann. § 76-5-406.5(1).

## I. Probability of Defendant's Rehabilitation

■ ¶ 8 We first consider Defendant's argument that the trial court misconstrued Defendant's burden of proof and misapplied subsection (1)(i) by failing to focus on the treatment program and the evidence presented by a licensed psychologist and two probation officers. Defendant asserts that this evidence demonstrated that he was considered a low risk for reoffending and that he had been accepted into a treatment program that had a probability of successfully rehabilitating him. The trial court ruled that Defendant failed to meet his burden under subsection (1)(i) because no witness at sentencing, treatment professional or other, testified that Defendant's rehabilitation was probable. "A trial court's interpretation of a statute is reviewed for correctness." *Tryba,* 2000 UT App 230, ¶ 10, 8 P.3d 274.

■ ¶ 9 Section 76-5-406.5(1)(i), previously set forth, requires evidence by a qualified treatment professional demonstrating that Defendant's rehabilitation is probable. *See* Utah Code Ann. § 76-5-406.5(1)(i). Indeed, the type of treatment program and Defendant's acceptance therein are pertinent to the eligibility requirement under subsection (1)(i). However, Defendant must then present evidence that his rehabilitation is probable. In an attempt to demonstrate this probability of rehabilitation, Defendant presented Janalyn Nichol, an employee for Adult Probation and Parole, who testified that if an offender "chooses to use the tools [offered at the Fremont Center [4]], it is highly probable they'll be successful." This testimony does not satisfy subsection (1)(i) because it only addresses the possibility that an individual who actively participates and engages in the program will rehabilitate. Evidence pertaining to the extent to which Defendant would actively engage and participate in the program, however, was absent. The outcome of treatment is significantly dependent on Defendant's participation and no evidence was presented as to this issue.

¶ 10 Each of Defendant's three witnesses were individually questioned about the probability of Defendant's rehabilitation through treatment, and each failed to provide evidence relevant to this issue. Tanya Hall College, a licensed psychologist who had conducted Defendant's psycho-sexual evaluation, declined to give her opinion regarding Defendant's probable rehabilitation. College informed the court that she was not a specific sex offender treatment provider and asserted that a treatment provider would be in a better position to testify to this issue. Likewise, when Mark P. Deneris, an employee with the diagnostic unit at the Utah State Prison, and Nichol were individually asked for their opinion, each declined to say that rehabilitation was probable and instead testified that Defendant's rehabilitation was possible. Based on the testimony from the three witnesses who addressed this matter, we cannot conclude that the trial court erred finding that no witness testified that Defendant's rehabilitation was probable and in concluding that the probability of Defendant's rehabilitation had not been established by a preponderance of the evidence.[5]

## II. Severe Psychological Harm to Victim

■ ¶ 11 Defendant next asserts that subsection (1)(b), the no bodily injury and no severe psychological harm provision, does not require evidence from a treatment professional and that the trial court erred in failing to find this section satisfied when other witnesses presented evidence at trial which demonstrated that M.O. was not psychologically harmed. The evidence presented at sentencing relative to this issue consisted solely of Davies's testimony and report. The

---

4. Defendant had been accepted for treatment at the Fremont Center.

5. Because there is no witness testimony providing that Defendant's rehabilitation was probable, we do not address Defendant's arguments about the licensing requirements of the treatment professional under subsection (1)(i). We do, however, note that the three witnesses presented on the second day of sentencing each testified that they were not treatment professionals.

witness testimony elicited at trial and potentially pertinent to this issue was *not* presented or argued at sentencing. Indeed, Davies's report does support Defendant's assertion that M.O. was not psychologically harmed,[6] and Davies testified that at one level the impact of Defendant's behavior on M.O. appears to be very similar to a lot of other children in that there was a breach of trust and some sense that a boundary has been violated. However, Davies also testified that he was unable to opine regarding the second level of impact, i.e., whether M.O. perceived the act as sexual, because he had not been able to speak with M.O. about that and was still trying to determine if she perceived the act as sexual. Essentially, Davies had not yet been able to determine the full impact of Defendant's actions on M.O. Davies explained that the child's perception of the event as a sexual act or a violation of boundaries can create a variety of internal issues and problems for the child, especially a prepubescent child like M.O., which impact Davies was not able to testify about at the hearing. Without additional evidence in this regard, we cannot conclude that the trial court erred in finding that Defendant failed to establish, by a preponderance of the evidence, that he did not cause M.O. severe psychological harm.

### III. Imprisonment of Defendant and the Best Interest of Victim

¶ 12 Defendant argues that the trial court erred in ruling that Defendant failed to establish that his probation would be in M.O.'s best interest as required by subsection (1)(k). Defendant maintains that Davies was a qualified treatment professional[7] who testified that it was in M.O.'s best interest that Defendant be placed on probation. Although Davies was a qualified treatment professional who testified that, given his experience,[8] it was his preference that Defendant be available for therapy sessions with M.O. when appropriate, he ultimately declined to give his opinion on whether it was in M.O.'s best interest for Defendant to be in prison or put on probation. Davies testified that he was still in the early stages of his therapeutic relationship with M.O. and had not had the opportunity to determine whether M.O. perceived the act as sexual. Davies testified that this issue needed to be addressed before he could determine the best interest of M.O.[9] Thus, despite the evidence that it may be therapeutically advisable at some point in time for M.O. to have Defendant available for joint therapy, Defendant did not provide evidence that it is actually in M.O.'s best interest that Defendant not be imprisoned.

### CONCLUSION

¶ 13 Defendant failed to prove, by a preponderance of the evidence, that his rehabilitation through treatment is probable as required by subsection (1)(i). Defendant called three witnesses—a psychologist and two pro-

6. Davies's report stated that while M.O. initially exhibited disruptions in her behavior, such as sleep, that she was not currently exhibiting any behavioral difficulties at home or school. Davies's report also stated that M.O. demonstrates a better than expected age level of insight, appears to have made good use of therapy, and no longer appears to be in need of weekly individual therapy.

7. The trial court concluded that Davies did not qualify as a treatment professional because he was not treating the family as a whole. *See* Utah Code Ann. § 76-5-406.5(1)(k)(i) (2003). However, Davies qualifies as a treatment professional under the alternate subsection (ii) because he assessed M.O. for purposes of treatment as ordered by the court. *See id.* § 76-5-406.5(1)(k)(ii).

8. Davies testified that in his experience it is generally better for the child to be given the opportunity to work with the perpetrator therapeutically and decide for herself whether she wants to have a relationship with the perpetrator. Davies explained that when the decision is made for the child, and the perpetrator is immediately removed from the child's life, the child can develop an idealistic perception of the perpetrator.

9. Davies testified that he was currently working on the first level of therapy with M.O. and had not spoken in detail with her about the sexual abuse. Davies, in response to questions about M.O.'s attitude about Defendant, stated that based on his discussion with M.O. he would speculate that she still sees her father very positively. He also testified he had not reached the second level of therapy with M.O. which would allow him to determine whether she perceived the incident as sexual.

bation officers—to testify about the probability of Defendant's rehabilitation. All three witnesses declined to opine that Defendant's rehabilitation was probable.

¶ 14 Defendant also failed to prove, by a preponderance of the evidence, that M.O. was not psychologically harmed by Defendant's actions as per subsection (1)(b). Defendant called Davies to testify about the impact of Defendant's actions on M.O. Davies was unable to testify about the extent of psychological harm because Davies was still in the process of determining whether M.O. viewed the incident as a sexual act.

¶ 15 Finally, Defendant did not demonstrate that his probation would be in M.O.'s best interest as required by subsection (1)(k). Davies, a qualified treatment professional, testified that generally he preferred to have the perpetrator available for therapy sessions. However, Davies, who was still in the early stages of treatment with M.O., declined to give his opinion on whether it was in M.O.'s best interest for Defendant to be in prison or placed on probation. If any one of the twelve requirements is not established by a preponderance of the evidence, probation is not an option. *See State v. Tryba*, 2000 UT App 230, ¶ 12, 8 P.3d 274. Because Defendant did not establish by a preponderance of the evidence that his rehabilitation through treatment is probable, that he did not cause severe psychological harm to M.O., and that his probation is in M.O.'s best interest, we conclude that the trial court did not err in finding that Defendant was ineligible for probation.

¶ 16 We note that when considering a close case, a trial court is not obligated to grant probation even if a defendant establishes eligibility under the probation statute. *See State v. Rodriguez*, 2002 UT App 119, ¶ 5, 46 P.3d 767 (stating that even if defendant establishes the section 76–5–406.5(1) factors, the probation statute "gives the court discretion to deny the request based on its consideration of the circumstances of the offense and impose the minimum mandatory sentence" (internal quotation marks omitted)). However, if a court is inclined to grant probation the defendant must meet all requirements under the probation statute.

¶ 17 Based on the foregoing, we affirm the trial court's order denying Defendant probation based on ineligibility.

¶ 18 WE CONCUR: RUSSELL W. BENCH, Presiding Judge, and CAROLYN B. McHUGH, Judge.