IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Anne B. Hicks, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellee, | ) | Case No. 20110834-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (January 26, 2012) |
| Thomas G. Hicks, | ) | |
| | ) | 2012 UT App 21 |
| Respondent and Appellant. | ) | |

-----

Third District, Salt Lake Department, 044901225
The Honorable Kate A. Toomey

Attorneys:     Thomas G. Hicks, Salt Lake City, Appellant Pro Se
                    James H. Woodall, South Jordan, for Appellee

-----

Before Judges Orme, Thorne, and Christiansen.

¶1     Thomas G. Hicks (Husband) seeks to appeal the trial court's judgment against him for alimony and child support arrears. This is before the court on its own motion for summary disposition based on the lack of jurisdiction due to an untimely filed notice of appeal.

¶2     After a hearing before the court commissioner, the commissioner recommended that the court enter judgment against Husband and in favor of Anne B. Hicks for past due support from 2007 to 2011. Husband objected to the recommendations. However, the trial court signed and entered the recommended judgment on August 10, 2011. The trial court denied Husband's objections at a hearing on August 24, 2011. Husband filed his notice of appeal on September 12, 2011.

¶3     Although the notice of appeal states that it is intended to appeal a judgment from August 24, there is no such judgment. The trial court announced an oral ruling on

Husband's objections on that date, but there is nothing from which to appeal.[1] Husband's docketing statement and other documents filed with this court, including a copy of the August 10 judgment, indicate that the August 10 judgment is the target of this appeal. The issues identified by Husband and the relief sought relate to the judgment entered for past due support. Accordingly, we conclude that the notice of appeal relates to the August 10 judgment.

¶4 Generally, an appeal must be filed within thirty days after the entry of the target order or judgment. *See* Utah R. App. P. 4(a). If an appeal is not timely filed, this court lacks jurisdiction over the appeal. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616. Here, to be timely, the notice of appeal from the August 10 judgment must have been filed no later than September 9. Husband did not file his notice of appeal until September 12. As a result, the appeal is untimely. Where an appeal is not properly taken, this court lacks jurisdiction and must dismiss the appeal. *See Bradbury v. Valencia*, 2000 UT 50, ¶ 8, 5 P.3d 649.

¶5 Dismissed.


_____
Gregory K. Orme, Judge


_____
Michele M. Christiansen, Judge


-----

I CONCUR IN THE RESULT:


_____
William A. Thorne Jr., Judge

_____

[1]Oral statements from the bench are not appealable. *See State v. Gerrard*, 584 P.2d 885, 887 (Utah 1978). To the extent that Husband actually intends the denial of his objections to be the target of an appeal, the appeal is not ripe because there has been no formal order entered in accordance with rule 7(f)(2) of the Utah Rules of Civil Procedure and *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶¶ 29-38, 201 P.3d 966.